## SMITH v. HUNT.

1. In an action by a surviving partner, on a note made to the firm, it is not necessary to prove the partnership or survivorship; the note is sufficient evidence.

2. If the plaintiff is not the person properly entitled, and the objection does not appear on the face of the pleadings, it must be shewn by the defendant by plea or proof.

HUNT, as surviving partner, instituted an action of assumpsit in Autauga Circuit Court, against Smith, and in his declaration alleged that George Wilkinson and himself were copartners under the firm of George Wilkinson & Co.; that the defendant had made a note payable to them in the following words:

"$279 9-100. One day after date I promise to pay George Wilkinson & Co. or bearer, two hundred seventy-nine 9-100 dollars for value recived, 15th January, 1824.

DAVIS SMITH,"

and further alleged, that said Wilkinson had since died, and that he was surviving partner, &c. The defendant pleaded the general issue.

At the trial at May term 1827, to support the issue on the part of Hunt, the note was read to the jury, and no further evidence was offered. The defendant demurred in law to this evidence as insufficient, and the court gave judgment on the demurrer for the plaintiff; which is here assigned by Smith as error.

GOLDTHWAITE for the appellant, contended, that to enable the plaintiff to support his action, it was necessary for him to allege, 1st that the firm consisted of himself and Wilkinson, and 2d, the death of Wilkinson before suit brought, and his survivorship. [a] If the death of Wilkinson was not stated, could Hunt sue alone as payee? The declaration would then shew a joint interest in him and Wilkinson, and the nonjoinder of Wilkinson would be fatal on demurrer. [b] It is then clear that the allegation of Wilkinson's death is material to enable Hunt to maintain the action in his own name, and if it is material for him to allege it, it is equally so for him to prove it. The general issue puts the plaintiff on proof of every material fact stated in his declaration, unless he be suing in *auter droit*; [c] even a husband suing for a consequential damage for an injury done his wife, must give *prima facie* evi-

*a* 3 Chit. Pl. 19, 20. 2 Chit. Pl. 84. 1 Saund. 425. Gow on Partnership 172.
*b* 1 Chit. Pl. 6 *Marg. P. 8.*

*c* 1 Chit. Pl. 469. Peake on Ev. 214. 3 Bl. Comm. General Issue.

dence of his marriage. [a] An administrator, if he declare on a cause of action in his own time, must prove his title as such.[b] So in an action by a corporation, under the general issue, they must prove they are such. [c] It is equally necessary to prove the allegation that Hunt was a partner, to entitle him to maintain his action; it is the only way in which he could have an interest in the note as payee. The authorities referred to will prove this. A surviving partner cannot recover in an action of assumpsit without naming his deceased partner in the declaration;[d] where death is averred, it is necessary to prove it. [e]

BUGBEE, contra. Hunt has possession of the note, and whether he be bearer or surviving partner, he is entitled to his action. It is not to be presumed that he would sue in a false character, which would curtail his rights. His proof shews an entire cause of action in himself; his consent that another should participate, does not injure the defendant; this is a negotiable instrument; where a bill or note is payable to bearer, or is indorsed in blank, possession is *prima facie* evidence of delivery and of ownership. [f] He who has possession, may receive payment, and a recovery by him is a good bar.

Formerly a plea in abatement was the only mode in which advantage could be taken of a misjoinder or nonjoinder of either plaintiffs or defendants; and the reason advanced for a different practice in some cases is, that the defendants are not supposed to know all the parties plaintiffs; this reason here cannot apply. Chitty says, "If one of several obligees be dead, the fact should be stated, or the defendant may crave oyer and demur. But if the plaintiff be prepared to prove the death of the party, the omission of the statement of the death would be no ground of nonsuit." [g]

An administrator suing for a debt due his intestate, need not prove his authority, unless oyer is craved; and husband and wife may sue without any proof of marriage. [h]

By JUDGE PERRY. It is contended that the plaintiff was bound to prove that he was one of the firm of George Wilkinson & Co. and also the death of his copartner. The position assumed by the counsel for the plaintiff in error cannot be applied to the plaintiff below, inasmuch as it would have formed a good defence for the defendant; and if he wished to avail himself of it, it was incumbent on him to shew that there were other parties

JULY 1829.

Smith
v.
Hunt.

*a* 2 Starkie's Ev. 689.
*b* 2 Starkie's 548. 549.
*c* 8 John. R. 378; 10 John. 154; 14 John. 245; 2 Cowen 378.
*d* 14 East. 210. 3 Starkies Ev. 1070.
*e* 2 Starkies Ev. 457. note.

*f* 2 Starkies Ev. 250.

*g* 1 Chit. Pl. 7.

*h* 2 Starkies Ev. 486. See also, 2 Saund. 122. 1 John. Rep. 34. 5 Caines Rep. 170. 1 Starkie on Ev. 21, 22.

JULY 1829.

Smith
v.
Hunt.

to the contract who were not joined as plaintiffs in the action. This he could have done if the objection appeared upon the face of the pleadings, by demurrer, by motion in arrest of judgment, or on error; and though the objection may not appear on the face of the pleadings, the defendant in the court below could have availed himself of it either by plea in abatement, or as a ground of nonsuit on the trial, upon the plea of the general issue. *a* The principle here laid down clearly shews, that the want of proper plaintiffs in actions on contract, is an exception to the merits, which may be taken advantage of by the defendant to defeat the plaintiff's recovery. He may shew that the agreement was under hand and seal, for then the form of the action was mistaken; that the action has not been brought by the proper parties, the promise having been made to the plaintiff jointly with others, &c. *b* The case is too clear for argument. It is therefore the opinion of the Court, that the judgment be affirmed.