HUNLEY VS WILLIS LANG & CO.

*As to proof of writings under the common counts.*
*Of writings, importing a consideration.*
*As to actions by partners.*

1. Where a writing is offered in evidence, under the common counts in assumpsit, its execution must be proved.
2. A promissory note, whether made the foundation of a suit, or given in evidence under the common counts, imports of itself a consideration.
3. In an action by partners upon a promissory note, payable to one *and company*, it should be proved that all joining as plaintiffs, were partners with the one named in the note at the time it was executed.

On a writ of error to the County Court of Tuskaloosa county.

This was an action of assumpsit upon twelve promissory notes, eleven for the sum of forty-five dollars each, and one other for the sum of nineteen dollars and forty-four cents—all executed by the defendant, Hunley.

The writ was issued in the name of Willis Lang, Dugall C. Shaw and James E. Watts, copartners, known by the name and style of "Willis Lang & Co." The declaration was in the same style, and contained a single count, for money lent and advanced, and money paid, laid out and expended: and the pleas were, *non assumpsit*, former recovery, set off, and the statute of limitations; to which there were issue and replication.

A verdict was found for the plaintiffs, and the defendant having taken exception to the opinion of the Court, prosecuted a writ of error.

In the progress of the trial, the plaintiffs, to sustain the issue joined on their part, offered in evidence the notes declared on, all signed by the defendant, and due before the commencement of the suit; and they, unexplained by other testimony, being relied on,—the sufficiency of the evidence was objected to, by the defendant, as not supporting the declaration; and the Court was so requested to charge; but the presiding Judge informed the jury, that as it appeared by the indorsement on the writ, that the suit was founded upon said notes, the evidence was sufficient in law, (leaving its credit to the jury,) to sustain the issue on the part of the plaintiffs; and refused to give the charge requested —to which the defendant excepted.

Argued by *Crabb* for the plaintiff in error—*Peck*, contra.

COLLIER, J.—The defendants in error, declared against the plaintiff in the County Court of Tuskaloosa, *in assumpsit*, for money lent and advanced, and money paid, laid out and expended. The pleas were *non assumpsit, former recovery, set off, and the statute of limitations*.

On the trial, the Judge sealed a bill of exceptions, which states the following facts. "The plaintiffs, to sustain on their part, the issues joined between the parties, offered in evidence eleven promissory notes, for the sum of forty-five dollars each, and a twelfth

for the sum of ninteen dollars and forty-four cents, all signed, *J. Hunley*, dated the seventh of March, eighteen hundred and thirty-two, and payable at different periods, but mature before the commencement of the action. These notes without any explanatory evidence, were all the testimony offered on the trial. Upon this state of the case, the defendant, by *Crabb & Capers*, his attornies, objected to the sufficiency of the evidence, before the jury, to sustain the declaration, and requested the Court to charge the jury to that effect; but the Court decided, that inasmuch as it appeared by the endorsement on the writ, that the action was foundded on said notes, the evidence offered, was sufficient in law, leaving its credit to the jury, to sustain the issues on the part of the plaintiffs, and therefore he refused to charge as requested, but would permit the evidence to go to the jury as sufficient in law. To which opinion, refusal and permission, the said defendant by his attornies aforesaid, excepted, &c." The questions of law reserved by the bill of exceptions, are here assigned for error.

The bill of exceptions does not present, with so much precision as it might or should do, the particular points of objection, made on the trial in the County Court—yet we consider, that a fair interpretation of it, authorises the conclusion, that exception was taken to the admission of the notes in evidence, without some additional proof—to the refusal to charge as requested—and to the charge given; We think the *first* point appears to be embraced by the bill, from the remark of the Judge,

that he *"would permit the evidence to go to the jury, &c."* as well as by the term *"permission,"* used in the exception. And therefore proceed to enquire—

First—Were the notes offered in evidence admissible without proof of the plaintiff's signature?

Second—Were they sufficient in law to authorise a recovery upon the declaration, without proof of consideration?

Third—Was it necessary to authorise a verdict in favor of the defendants in error, that they should have shewn that they were partners, as in their declaration, they allege?

1st. In regard to the first question raised in the argument, this Court at its present term, in the case of *Chamberlain vs Darrington,*[*] decided, that where a writing is offered in evidence, under the common counts in *assumpsit,* it is necessary to prove its execution. That such was the rule at the common law, is unquestionable, and our statute has only dispensed with its observance, where the writing is made the foundation of an action.[†]

[*] 4 Porter's R. 515.

2d. At the common law, we think there was no necessity for proving the consideration of a promissory note or bill of exchange, when offered in evidence; that in themselves they imported a consideration. We are aware that Lord Chief Justice *Holt* in the case of *Clerk vs Martin,* maintained a different doctrine. And his judgment in that case, is said to have induced the passage of the statute of third and fourth Anne. A statute enacted not for the purpose of changing the law, but rather to gratify the pride of opinion of the Lord Chief Justice, and to remove the doubts which the decision

[†] Aik. Dig. 283. § 137, 1st. Ed.

of so great a lawyer was calculated to throw upon the question. The English cases, upon the assignability of promissory notes, and the internal evidence afforded by them of consideration, are collected and reviewed by Judge *Cranch*, in an elaborate note at the end of the first volume of his Reports; by which it is very satisfactorily shewn, that the judgment of Lord *Holt* in the case cited, never had the weight of authority in Westminister Hall, and was never acquiesced in by other Judges. Without inquiring whether our statutes exert an influence upon this question, confirmatory of the common law, we are satisfied that a promissory note, whether made the foundation of a suit, or given in evidence, as in the present case, always imports a consideration.

3d. This Court, under its old organization, determined, that if a plaintiff, suing as surviving partner, was not a member of the firm with whom the contract was made, it was incumbent on the defendant, if he objected to a recovery on that ground, to make it appear by evidence under the general issue, or else to plead it in abatement.—*Smith vs Hunt.*[*] In that case the note was payble to George Wilkinson & Co. and the suit was brought in the name of Hunt as surviving partner—and it was objected that he should show Wilkinson's death, and that he had been a partner of his.

*2. Stew. 222.

With due respect, we are constrained to say that, that decision, is in our opinion, adverse to principle. All persons who assert a right by action, are understood to avow themselves ready to prove whatever they alledge in their pleadings, especial-

ly if it be material. And certainly in making out a title to recover upon a contract, it is necessary that the plaintiff should shew he was a party contracted with. If the contract be in writing, and appears on its face to have been made with all who join in an action upon it, the intrinsic evidence will be sufficient. The general issue is a denial of the plaintiff's right to sue, and throws on him the *onus* of shewing, not only that the defendant is chargeable, but that he is liable to the plaintiff.* See also *Baker vs Jewell.*†—*Coffee vs Eastland.*‡

In *Evans vs Mason*,§ it was decided, that in actions by partners, to recover a partnership demand, unless the contract which is the foundation of the action, has been expressly made with all the members of the firm, it will be incumbent on them, to prove that all the plaintiffs were partners at the time of the contract. To the same effect, see *Camden vs. Anderson*‖. *Wilsford vs Wood*¶.

So in *Chitty on Bills*, 394, it is laid down, that if several persons sue as indorsees of a bill of exchange, if the bill appears indorsed in blank, there is no necessity for their proving that they were in partnership together, or that the bill was indorsed or delivered to them jointly. But when a bill of exchange is payable or indorsed, specially to a firm, it has often been ruled, that in an action by the payees or indorsees, strict evidence must be given, that the firm consists of the persons who sue as plaintiffs on the record. In the first case, the indorsement, being in blank, is a direction to pay to the bearer—and the plaintiffs shewing themselves to be bearers, by suing on the note, they can-

*1 Saund. R. 154, n. 1.—*a* & 291 *g* & *h*. †6 Mass. R. 460. †1 Cooke R. 159. § Cowp. 569.

‖5 T. R. 709. ¶1 Esp. R. 182.

not be required to shew themselves to be *partners*— that being an immaterial question. In the latter case, the note being payable or specially indorsed to a firm, and not to the members *expressly*, the plaintiffs must shew their connection, on the trial. Very fully to this point is *Collyer on Partnership*, (405.)

In the case at bar, the notes are payable to Willis Lang &Co.—clearly implying that at least one other composes the company. The record sets forth the name of two others, and as they are not *expressly contracted with*, proof should have been offered, to show that they were partners with Willis Lang.

Upon the first and third points, the judgment is reversed and the cause remanded.