## KENAN v. STARKE AND MOORE.

1. A scroll around the word seal, opposite to the signature of the judge who signs the bill of exceptions, is a sufficient seal.

2. In a suit by two as partners, it is admissible for the defendant, under the general issue, to prove that the debt sued for is due to one of them, and not to the plaintiffs jointly. The statute dispensing with proof of the partnership, unless put in issue by plea in abatement, [Clay's Dig. 324, § 68,] does not apply when the contract is with an individual, and the suit is by a partnership.

3. It is not error to refuse to charge a jury, in a suit for goods, bargained, sold, *and delivered*, that no recovery can be had unless a delivery is proved, if a contract of sale is proved; for the seller is not bound to deliver until the price is paid, and the common counts are sufficiently broad to permit a recovery on the contract of ale, without proof of delivery also.

WRIT of error to the county court of Dallas.

Assumpsit by Starke and Moore, as partners against E. Kenan as the administration of M. J. Kenan, deceased, on the common counts. The defendant pleaded non assumpsit, statute of *non claim*, and payment; on which there were issues. At the trial, the plaintiffs proved that one Blount had been one of the executors of Kenan, that he qualified as such on the 28th of August, 1837, and having settled up, he resigned, and was discharged by the proper court on the 14th February, 1839. They then produced and offered as evidence, a paper in these words:

"Received of John G. Moore, an account against the estate of M. J. Kenan, amounting to $720 70, filed with me as one of the executors of the estate.—Mobile, 30th September, 1837.

F. S. BLOUNT, Ex'r."

They proved that the whole of this receipt was in the hand writing of Blount. This was all the proof in relation to the paper, or with regard to the time when the claim was presented.— The defendant moved the court to exclude the paper from the jury, which the court refused to do.

The defendant offered a witness to prove that the plaintiffs were not partners at the time when the supposed indebtedness accrued, as alleged in the declaration, and that if the estate of Kenan was indebted, it was to Starke alone, and not to the plaintiffs jointly.

This witness was excluded by the court, and his evidence not permitted to go before the jury.

The defendant requested the court to instruct the jury, that if there was no evidence before them of a presentment of the claim sued on, except the paper above referred to; and if there was no proof that the said paper was executed by Blount, while executor, except that it purports to bear date at a time when he was so, then that there was no sufficient proof of the presentment. This was refused.

He also asked the court to instruct the jury, that there must be proof that the goods alleged to be sold, were delivered, or proof of some act between the parties amounting to a delivery. This was refused, and the defendant excepted to the several opinions of the court, ruling these points against him. They are now assigned as error.

EDWARDS, for the plaintiff in error.

G. W. GAYLE, *contra*—Made the following points: 1. The court cannot notice the bill of exceptions; as it is not under seal. [Minor, 66; 5 S. & P, 330.] A sealed instrument must express upon its face the intention to make it such. [4 Ala. Rep. 140.] 2. It was unnecessary to do more than prove the signature of Blount to the receipt. 3. The question as to the existence of the partnership of the plaintiffs, could only be raised by plea in abatement. [Clay's Digest, 324, § 68.] 4. Proof of delivery was not essential, if a sale was made out. [Chitty on Con. 113; 3 Ala. Rep. 678.]

GOLDTHWAITE, J.—1. The defendant in error, asserts that no examination can be had of the questions attempted to be raised; because the bill of exceptions has no seal affixed. We shall not now consider whether such an omission would cause exceptions, otherwise sufficiently certified to be rejected, because, in our opinion, the transcript does not sustain the objection. On reference to it, we find the presiding judge has added, after his name, the word seal, and there is a scroll around it. Applied to a bill of exceptions, this must be considered as what it purports to be.

2. The offer of the defendant below to prove that the plaintiffs were not partners when the supposed indebtedness accrued, and that the debt, if due at all, was due to one of them individually, is not a matter controlled by the statute referred to. That provides, that when plaintiffs shall bring suit as a firm or partnership, it shall not be necessary for proof to be made, that the individuals named as plaintiffs, constitute the members of the firm, unless the defendant puts the same in issue, by plea in abatement. [Clay's Digest, 324, § 68.] The attempt here was not to show that the firm suing, was composed of other persons than those alleged, but was to prove that the indebtedness was to a single individual. The statute was intended to prevent the necessity of proof of the individuals composing a partnership whenever the contract was made with a partnership by name; but when the contract is made with an individual, and the attempt is to recover it in the name of a partnership, the statute has no operation whatever. There was error, therefore, in refusing to allow this evidence.

3. The charge asked with respect to the necessity for proof of a delivery of the goods sold, is not presented in such a manner as to show error, because we cannot infer what the proof was. A delivery is not essential to be proved, to give a right of action in all cases, as the seller is not bound to deliver his wares without payment made, and he may maintain an action for the price, upon the contract of sale.

4. The other charge with respect to the effect of the admission by Blount, the previous representative of the estate, that the account was presented to him within eighteen months after grant of administration is concluded by the decision upon that point, made when the case was here at a former term. [Starke & Moore v. Kenan, 5 Ala. Rep. 590.]

For the error we first noticed, the judgment must be reversed, and the cause remanded.