## MILLER v. BONSADON.

1. Although, a tenant in possession has been induced by fraud, or imposition, to admit the title of, and to take a lease from a stranger, he may show the fraud or imposition, to avoid an entry, yet where no such circumstances are shown, and he has accepted a lease, he cannot defend by showing his possession in the first instance, was derived from another, whose title he has always admitted.

Writ of Error to the County Court of Mobile.

ACTION by Bonsadon against Miller, for an unlawful detainer. Judgment was given by the justice of the peace against the defendant, who removed the cause to the County Court by *certiorari,* where it was agreed the petition for the *certiorari* should be taken also as a bill of exceptions, allowed by the justice trying the cause, and upon it errors are assigned. The matters of exception, and the facts of the case may be thus stated :

Bonsadon produced a lease, executed by Miller, on the 26th September, 1843, by which he agrees to lease the premises in dispute from Bonsadon, for the term of two years then next ensuing, for the rent of $175, and by which he consents to surrender the premises at the end of the term.

Miller offered in evidence the record of an ejectment suit, in which one Hunt and one James recovered a judgment against the casual ejector, by default, in the Circuit Court of Mobile, on the 6th December, 1841. Miller was the tenant in possession, at the service of the ejectment, and he proposed to show, that the premises then recovered, included those in controversy. He also proposed to prove, that upon the recovery of this judgment, he was turned out by Hunt and James under it, and to prevent being so ejected, he leased the premises in controversy from them. He also offered in evidence, two leases executed between himself and Hunt and James for the premises in question, one executed in July, 1844, and the other in November of the same year, the last

expiring the 1st November, 1845. He also proposed to show, that ever since being let in as the tenant of Hunt and James, under the judgment obtained in 1841, he considered him-self as their tenant, and had annually paid them rent.

The court excluded all this evidence, and charged the jury as Bonsadon was not a party to the ejectment suit, he was not bound by it; and that the acts and declarations of the defendant in taking the lease from Hunt and James, were of no effect against the complainant.

J. A. CAMPBELL, for the plaintiff in error, argued—

1. It is the duty of the tenant to maintain his landlord's title. The title of Hunt and James was not affected by the attornment to Bonsadon. The tenant may dispute the title of an individual, from whom he has taken a lease, if the pos-session was not derived from that party. [Jackson v. Cuerden, 2 John. Ca. 353; Jackson v. Spear, 7 Wend. 401; Nellis v. Lathrop, 22 Wend. 121; Mansony v. Bank U. S. 4 Ala. R. 735.]

2. A tenant may show that his landlord's title has termi-nated; and when the title has legally terminated, it is no breach of duty to take a lease from the party having the right to possession. [Devacht v. Newsom, 3 Ohio, 57; Everston v. Sawyer, 2 Wend. 507.]

3. The recovery in ejectment authorized Hunt and James to enter without taking the writ of *hab. fac. poss.* [Adams on E. 306.]

4. The contest here is between the landlords of Miller. It would have been competent for the court to have let in H. and J. to defend. The landlord however cannot extend the defence further than the tenant, and the tenant may defend to the same extent as the landlord. [Davis v. McKinney, 5 Ala. R. 719; 4 Dev. & Bat. 305.]

G. N. STEWART, contra, insisted that the defence here was nothing more than the attempt to dispute the title of the land-lord, which the law will not permit.

GOLDTHWAITE, J.—The facts of this case may be very briefly stated, and are these: Hunt and James recov-

ered a judgment in ejectment in 1841, against the casual, ejector, Miller being the tenant in possession. After the recovery, to avoid being turned out, he admitted the title of Hunt and James, occupied the premises under them, and paid rent as their tenant. Subsequently to this, in 1843, for some cause, which is unexplained, he takes a lease from Bonsadon, and the question is, whether he can now dispute that title, or set up the one in Hunt and James to prevent Bonsadon from entering. We are clear that he cannot. Whatever may be the right of Hunt and James to the possession, Miller by his voluntary act, has placed himself in a condition in which he cannot assert it. None of the cases cited by the plaintiff's counsel, reach the case of a tenant who voluntarily, and without fraud, takes a lease from another than his true landlord. We may not be disposed to deny the proposition advanced in Jackson v. Span, 7 Wend. 401, and Jackson v. Cuerden, 2 John. Ca. 353, that a tenant in possession who has been imposed on, so as to admit the title of a stranger, may show this imposition in connection with a better title when sued for the possession. Under such circumstances the evidence would go merely to the right of possession, and that of the party claiming it being founded in fraud, could not affect the possession, which, but for the fraud, would continue legally with the tenant. No pretence of that kind, however, was asserted in the court below, and the defendant stood there estopped by his lease, admitting the title of the plaintiff. It is, in fact, the very case put in all the books as an undeniable proposition. Nor is any injury done to those who seem to be parties in this defence, by the recognition of this rule as governing the case. If Miller was willing to accept a lease from Bonsadon, it is probable he at that time would have permitted him to enter, and the only remedy of Hunt and James, under such circumstances, would have been to eject him, as in by collusion with their tenant. There is no error in the record.

Judgment affirmed.