## STARKE & MOORE v. KENAN, ex'x.

1. The admission by the attorney of record of a fact for the purpose of trial, binds his client, and is conclusive of the fact admitted.

2. In a suit by two as late partners, it is admissible for the defendant on the general issue to prove that no partnership existed at the time of the contract. The effect of the act of 1839 (Dig. 324, § 68,) is to revive the rule declared in Davis v. Smith, 2 Stewart, 222, and overruled in Hunley v. Lang, 5 Porter, 154.

3. Declarations by one of two joint partners, that the other was not his partner at the time of the alledged contract, is admissible evidence.

Writ of Error to the County Court of Dallas.

ASSUMPSIT by Starke & Moore on the common counts, against Mrs. Kenan, as the executrix of the estate of M. J. Kenan, deceased. The defendant pleaded non-assumpsit, payment, and non-claim.

At the trial, the plaintiffs put in evidence tending to establish their demand, and then closed their evidence. The defendant then offered to introduce an agreement, in these terms: "In this case I agree to admit that the said Starke & Moore were not partners at the time of the alledged sale to the defendant's testator, and that this may go the jury as evidence, if the court decides that under the pleadings it is competent." This was signed by the plaintiff's attorney, and was admitted by the court against the plaintiff's objection.

The defendant next offered one M. J. Kenan as a witness, who stated he was the son, and had been a legatee of the testator, but had released his interest in the estate to the defendant. The release was then exhibited, signed by the witness, purporting to be for the consideration of $5000, secured to be paid by the defendant. He also stated the release was made for the express purpose of rendering him a competent witness—that the consideration of the same was a note for that sum, executed to him by the defendant. On

this proof, the plaintiffs objected to the witness as incompetent, but he was allowed by the court to testify. On his examination, he was asked what he heard the plaintiff, Starke, say on the subject of a partnership between Moore and himself, at the time of the sale of the goods for which the suit was brought; also what he heard Starke say as to the payment and satisfaction of the claim sued for. The plaintiffs objected to this evidence, but were overruled by the court. The witness answered, that in February before the trial, Starke told him he and Moore were not partners at the time of the sale referred to, and that he sold the goods individually, as well as that the debt had been settled before suit— that Starke & Moore were unfriendly, and their partnership, if any ever existed, had been dissolved before this suit was brought.

The court charged the jury, that the agreement above se out was conclusive evidence against the plaintiffs on the question of partnership at the time of the sale referred to. There was other evidence before the jury tending to contradict the admission, and to show there was a copartnership.

The plaintiff excepted to the several rulings of the court against him with relation to the evidence, and also to the charge above stated. The assignment of error opens the entire bill of exceptions, which also contains a recital of certain proceedings of the court with reference to one of the jurors, who became sick or uncomfortable during the time the verdict was being considered, but which are unnecessary to be stated here, as no point was made upon them at the argument, and because the judge certifies that no objection was taken to the course pursued.

PECK, for the plaintiffs in error, insisted—

1. The agreement of the attorney was improperly admitted—1. Because not such a one as in that capacity he was authorized to make. 2. Because the proof was not competent under the pleadings in connection with the statute. [Dig. 324, § 68.]

2. The witness admitted was incompetent. [Houston v. Prewitt, 8 Ala. Rep. 846; Powell v. Powell, 7 Ib. 582; Lock v. Noland, Jan. term, 1847.]

3. The declaration of Starke was not admissible to disprove the partnership.

4. The agreement of the attorney, if admissible, was not conclusive.

EDWARDS, contra.

GOLDTHWAITE, J.—1. It is said admissions made by attorneys of record bind their clients in all matters relating to the progress and trial of the cause. But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases they are in general conclusive. [Greenl. Ev. 218, §186.] The written agreement in this case seems entirely within the rule just quoted, and manifest injustice might arise by permitting the party making the admission for the purpose of trial, from afterwards disputing the admitted fact. The only limitation affixed to the admission is, that the court should rule the fact to be competent under the pleadings. The competency of such a fact was settled when this case was here at another term, (see 6 Ala. Rep. 773); yet as the opinion then determined seems to be somewhat misunderstood by the plaintiff's counsel, we state the reasons which induced it more at large than they are stated in the report.

2. It is difficult to understand what precise mischief the section of the act of 1839 bearing on this point was intended to reach, but clearly it was not the intention to put a defendant upon the denial of the fact of partnership, when the suit is by plaintiffs assuming a firm name; as this would be equivalent to allowing plaintiffs to recover in many cases where the fact would be apparent from their own proof, that some of them had no interest in the cause of action. The plaintiff, in all suits not evidenced by writing, is required to prove his case, and it would be a strange anomaly if a recovery could be had in the names of two or more, when the proof was satisfactory that one of them had no interest whatever in the contract, and that it was not made with him. The statute however, war-

rants no such inference. It directs that where plaintiffs shall bring suit as a firm or partnership, it shall not be necessary for proof to be made that the individuals named as plaintiffs constitute the members of the firm, unless the defendant puts the same in issue by plea in abatement. [Dig. 324, § 68.] The object of this statute seems to be to revive a rule which was held in the case of Smith v. Hunt, 2 Stew. 222, but which was afterwards overruled in Hunley v. Lang, 5 Porter, 154. In the first of these cases, the suit was by one as surviving partner, and no other proof was given of the partnership or death than grew out of a note payable to the deceased partner, & Co. The court held this was sufficient, and that it rested with the defendant either to plead the fact of no partnership in abatement, or to prove it at the trial under the general issue. In the latter case we considered it the true rule that the plaintiffs suing on a note payable to one of them, & Co. were required to prove that they constituted the firm, as alledged in the pleadings. The difficulty of giving any other construction to the statute than a literal one, arises out of the fact that the insertion of the name of one as plaintiff having no connection with the contract, will entirely change the rights of the parties in relation to set off, and in the event of the death of the party having the actual interest, would transfer it to a stranger. Independent of this, it is inconceivable to us that the law should require the plaintiff to prove his cause of action, (as it does when the action is on an unwritten contract,) and yet require a verdict to be rendered on one entirely distinct from that asserted. In our judgment the utmost effect of the statute is to revive the rule asserted in Davis v. Smith, so far as it is not in conflict with Hunley v. Lang. This being the effect of the statute, it is within that decision that the defendant might probably show, as we said when this cause was here before, that the promise was to a single individual, and not to the partnership.

3. With regard to the evidence offered of admissions by Starke, that no copartnership existed between himself and Moore, and also that the demand sued for had been settled, we can perceive no substantial objection to their admissibility. The general rule admitting the declarations of a party to the record, applies to all cases where the party has any in-

terest in the suit, whether others are joint parties on the same side or not, and howsoever the interest may appear. [Greenl. Ev. § 172.] If in this case it had been shown the apparent interest of Starke in this controversy had been assigned to the other plaintiff, a different rule, or rather an exception to it, might obtain, but in the absence of any such proof, we think the declarations properly admissible.

The conclusiveness of the admission by the attorney of record has been previously considered, and the question growing out of the release is settled by the decision of Hall v. Alexander, 9 Ala. Rep. 219, in accordance with the ruling below.

We have only to add, that there is no error in the record. Affirmed.