## STRICKLAND et al. v. BURNS.

1. The general issue, or other plea in bar, admits the character in which the plaintiff sues.
2. Where the declaration does not disclose that joint plaintiffs are man and wife, although the bill of exceptions is so entitled, such caption cannot be regarded as proof of the fact so recited.
3. Where the plaintiffs sue jointly, proof of a liability from the defendant, to one plaintiff alone, will be rejected, as it does not support the cause of action disclosed in the declaration.
4. Where one is the agent of another to collect two promissory notes, and disposes of them to his own use, one in the purchase of land, and the other of personal property, the land, and other property, may be regarded in his hands as money, and assumpsit maintained for it.

Error to the Circuit Court of Dallas. Before the Hon. N. Cook.

Assumpsit by the plaintiff in error.

The declaration containing the common counts does not disclose that the plaintiffs are husband and wife, but counts in assumpsit, on promises, to the plaintiffs jointly. Pleas, non assumpsit, statute of limitations, set off, and payment.

A bill of exceptions found in the record, is entitled "Barnabas Strickland, and Eliza Ann Strickland, his wife, v. George C. Burns," and recites that on the trial of the cause, the plaintiff proved, that before the institution of the suit, the plaintiff Eliza Ann, held two promissory notes made by one Hall, payable to her at certain periods described, for $200 each. That she gave these notes to the defendant for collection, who traded off one of the notes for a tract of land, and took the title to himself, and the other for horses and mules, and that the notes have been paid to the holders thereof.

On motion of the defendant, the court excluded the evidence from the jury, on the ground that it did not support

the cause of action set forth in the declaration, and the plaintiffs excepted.

This is assigned as error.

G. W. GAYLE, for plaintiffs in error.

That B. and Eliza Strickland were man and wife, is shown by the bill of exceptions, which is a part of the record, and recognizes plaintiffs in the beginning of it, as man and wife. As it is no where else mentioned, the reasonable conclusion is, it was proved on the trial.

If B. and Eliza Strickland were not man and wife, this matter should have been pleaded in bar or abatement. In addition to the authorities cited in the opinion on yesterday to this point, are the following from our own court: "It is not necessary to prove that plaintiffs were partners. This should be pleaded in abatement." Bell v. Cross & Co. 4 Ala. 575. "In an action by a corporation, it is not necessary, under the general issue, to prove a corporate capacity." Prince & Garret v. Com. Bk. of Columbus, 1 Ala. 241.

The decision in Kenan's ex'rs v. Starke & Moore, referred to by the counsel for the defendant in error, if it be the law, is a different case from this. There, the partnership was admitted, but it was contended the debt was due individually to one of the partners. If, in this case, it is admitted that the debt was payable to Mrs. Strickland, the admission that plaintiffs were man and wife would concede to them a right of action jointly. That they were proved upon the trial to be man and wife, is clearly inferrible from the caption to the bill of exceptions, written by the judge himself.

But, a motion to exclude evidence is not allowable until the evidence is closed. The words in the bill of exceptions, "no other evidence was offered," do not mean that the evidence was closed, but that no other evidence was offered on that subject, viz: the subject of conversion, &c. by defendant.

HUNTER, contra.

1. No joint cause of action was made out. That proved was to Eliza A. Strickland alone; and neither the pleading nor evidence disclose that the other plaintiff was her husband,

or had any such interest in the matter as would entitle him to join in the action.

2. Even if there was not this fatal defect as to parties, it is clear the cause of action proved could not be recovered on the common counts. No receipt of money or its equivalent by the agent was shown. Trover was the proper remedy. Even a special count in assumpsit would not let in this proof, for a contract to collect for a consideration is not shown. A bare deposit to collect money from maker is shown, without any proof of consideration. 2 Saund. on Plead. and Ev. 672; Chit. on Plead. and Con. to same effect; Baskin, adm'x, v. Sample, 6 Ala. 255; Hale's (Wood's adm'r) v. Brown, 11 Ala. 87; Jones v. Hoar, 5 Pick. 285; 4 Id. 449; 7 Id. 133; 10 Id. 161; and particularly, Willet v. Willet, 3 Watts, 277.

COLLIER, C. J.—The general issue, or other plea in bar, it is said admits the character in which the plaintiff sues, to be such as is set out in the declaration. Carpenter & Rose v. Whitman, 15 Johns. Rep. 208; State Treasurer v. Wiggins, 1 McC. Rep. 468; Floyd v. Breckenridge, 4 Bibb's R. 14; Henderson's adm'r v. Clark, 4 Bibb's Rep. 391; Thomas v. Tanner, 6 Monr. Rep. 52; Champlin v. Tilley, 3 Day's Rep. 303; Harper v. Distrahan, 2 Mart. Rep. N. S. 389; Conrad v. Atlantic Ins. Co. 1 Pet. Rep. 388; Society of, &c. v. Paulet, 4 Pet. Rep. 480; Whittington v. Farmers' Bank, &c. 5 Har. & J. Rep. 489. In assumpsit by the assignee or trustee of an insolvent, it is not incumbent on the plaintiff to establish his right to sue in the character in which he describes himself, if the defendant pleads the general issue. Best v. Strong, 2 Wend. Rep. 319; Winchester v. U. Bank of Maryland, 2 G. & Johns. Rep. 73. So it has been held in action by husband and wife, the general issue admits the marriage. Buller's N. P. 20. In Coombs and wife v. Williams, 15 Mass. Rep. 243, which was assumpsit on a promissory note made to the wife when sole—averring the intermarriage of the plaintiffs since the date of the note. The defendant offered to prove that the husband had a former wife living when he married the payee of the note, and the court rejected the evidence upon the ground that the defence should have been pleaded in *abatement*.

65

This view of the law shows that if the declaration had de-
scribed the plaintiffs as husband and wife, and disclosed a
cause of action for which the latter might have sued alone, if
sole, it would not be incumbent on the plaintiffs, *under the is-
sues*, to prove their marriage, nor would it be allowable for the
defendant to controvert it.    But such is not the predicament
of the cause—the plaintiffs, both in the writ and declaration,
describe themselves by name, without reference to any par-
ticular relation as existing between them ; and the liability
of the defendant is charged to be to them jointly.    The bill
of exceptions is entitled "Barnabas Strickland and Eliza Ann
Strickland, his wife, v. George C. Burns ;" but the proof re-
cited, shows that the transaction out of which the cause of
action originated, was between the female plaintiff and the
defendant, and that the defendant was liable to her alone.    It
cannot, in this posture of the case, be assumed that the plain-
tiffs sued as husband and wife, and that this relation was
proved to exist between them.    The caption of the bill of
exceptions cannot be regarded as proof of the fact it states—
but must be treated as the recital merely of the counsel who
drew the bill.    In this view, the question is, whether in a
joint action by two plaintiffs, it is sufficient to prove a liabil-
ity to one ?

It is said to be perfectly well established that a misjoinder
of plaintiffs is a ground of non-suit, and is a fatal variance at
the trial, as also is a joinder of too many defendants ; but
that the omission of a party who jointly promised, must be
pleaded in abatement.    Where the action is brought by seve-
ral or against several, it must appear either that the promise
was so expressly made, or that the plaintiffs in the one case,
or the defendants in the other, were partners, and that the
contract was made in behalf of all ; this is a consequence
which usually follows from proof of the partnership itself.  2
Starkie's Ev. 45, 6th Am. ed. ; Baker v. Jewell, 6 Mass. Rep.
460 ; Kenan v. Starke and another, 6 Ala. Rep. 773 ; 1 Chit.
Plead. 13, 14, 20, 23, 307, 452, 9th Am. ed.    This being the
law, it was clearly competent for the circuit court to instruct
the jury, that the evidence did not support the cause of ac-
tion disclosed in the declaration.

Even where the defendant has fraudulently possessed him-

self of the plaintiff's goods, the latter may in some instances waive the tort, and treat him as a purchaser. Lamb v. Clark, 5 Pick. Rep. 193; Miller v. Miller, 7 Id. 133. In Whitwell et al. v. Vincent, 4 Pick. Rep. 449, it was held, that if a person without authority sell goods belonging to another, and receive a negotiable note in payment, the owner may waive the tort and bring an action against him for money had and received, to recover the proceeds of the sale. See Willet v. Willet, 3 Watts's Rep. 277; Webster v. Drinkwater, 5 Greenleaf's Rep. 319; Stackett v. Watkins's adm'r, 2 G. & Johns. Rep. 343. So, where a tenant in common sold trees growing on the land, it was decided that he was liable in an action for money had and received, if he received payment either in money, goods, or real estate. Miller et al. v. Miller, 7 Pick. Rep. 133. To entitle the plaintiff to maintain an action for money had and received, it is not indispensable for him to prove that money actually came to the defendant's hands. Where property, either real or personal, is received as money, or as money's worth, the plaintiff may elect so to treat it, and recover accordingly. Stewart v. Conner, 9 Ala. Rep. 803. Thus, where an insurance broker having received in an account with an underwriter for a loss upon a policy, whereupon the name of the underwriter was erased from the policy, it was holden that the principal might maintain an action for money had and received against the broker, although he had not actually received any money from the underwriter; for the broker having deprived the plaintiff of his remedy against the underwriter, and having received credit in account for money, he was estopped from saying he had not the sum in his hands for the plaintiff's use. Andrew v. Robinson, 3 Camp. Rep. 199. So, where a person buying three pieces of goods, had double pieces delivered to him by mistake, which he never returned, it was decided that the vendor might recover the difference of value, in assumpsit for money had and received. Bours and another v. Watson, Const. Rep. So. Caro. 195. See also Fairbanks v. Blackington, 9 Pick. Rep. 93.

In the case at bar, the defendant was the agent of the female plaintiff, for the collection of two promissory notes, of which she was the payee—instead of collecting them of the

maker, as his authority required, he negotiates them with a third person in the purchase of land, mules and horses for his own benefit. By thus disposing of the notes, the defendant made himself the plaintiff's debtor, if the latter elected thus to treat him; and he cannot now insist that he wrongfully disposed of them, and what he received for them has not been converted into money. As it respects the plaintiff, the land and other property may be regarded as money, and the defendant would be estopped from setting up the reverse as a defence, if the action was properly brought. But for the defectiveness of the proceedings as it respects the right of the plaintiffs, or the want of adaptation of the proof to the declaration, the judgment must be affirmed.