# Birmingham Railway L. & P. Co. v. Moore, (Mary.)

*Damages for Injury to Passenger.*

(Decided May 6, 1907. 43 South. 841.)

1. *Carriers; Injury to Passenger; Complaint; Sufficiency.*—A complaint alleging that plaintiff was a passenger on defendant's line, that she notified the conductor of her intention to alight at the intersection of certain streets, that the car came to a full stop, and before plaintiff had time to alight the car suddenly started, and as a proximate and direct result thereof, plaintiff was thrown to the ground and injured through the negligence of defendant's servant in so starting the car, is not demurrable on the ground that the cause of action was improperly set forth and that the averments of the complaint were not alleged as facts, or that the averments were vague, uncertain and indefinite, and that no facts were alleged putting defendant on notice as to what negligence was relied on.

2. *Evidence; Declarations; Physical Condition.*—It is proper to show by a physician as to what plaintiff complained of when he was called to see her, the action being for injuries to her.

3. *Carriers; Injuries to Passenger; Evidence.*—The fact as to whether or not the motorman remembered whether there was another white lady on the car, was properly excluded, for if answered in the affirmative it was corroborative of plaintiff, and if in the negative, immaterial the plaintiff not being required to produce such person as a witness.

4. *Trial; Instructions; Assumption of Facts.*—A charge asserting that if the jury believe that the car was in motion at the time plaintiff alighted or attempted to alight therefrom, they should find for defendant assumes that plaintiff alighted and might be an intimation that she was not thrown from the car, and its refusal was proper.

5. *Pleading; Admission by Pleading.*—The plea of general issue admits the character in which plaintiff sues to be that set out in the declaration.

[Birmingham Railway L. & P. Co. v. Moore, (Mary.)]

·6. *Trial; Instructions.*—In the absence of a contest as to the age. and discretion of plaintiff, a charge asserting that plaintiff was of sufficient judgment and discretion to be guilty of contributory negligence was properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Mary Moore, by her next friend, Jane Griffin, against the Birmingham Railway, Light & Power Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

· Action for damages. The complaint was in the following language: "The plaintiff, Mary Moore, a minor, by her next friend, Jane Griffin, claims of the defendant, the Birmingham Railway, Light & Power Company, which is a corporation doing business as a common carrier of passengers in the city of Birmingham, state of Alabama, the sum of $5,000 damages upon the following facts: Plaintiff avers that on the 23d day of June, 1903, defendant was a common carrier of passengers engaged in carrying the plaintiff as a passenger upon a car operated by defendant upon a street railway in and upon Avenue F, in said city of Birmingham, state of Alabama; and plaintiff avers that, upon said car approaching the intersection of Twenty-Seventh street and Avenue F, she notified the conductor in charge of said car of her intention or desire to alight from said car at said designated intersection. Plaintiff avers that said car came to a full stop at said intersection, and she arose from her seat and started to leave said car by means of the front platform and step thereof; and she says that just as she reached the front step of said car, and before she was enabled, or before she had time, to alight from said car, the defendant or an agent thereof, caused said car to start suddenly and violently forward, and as a direct and proximate result of such starting plaintiff was thrown violently from said car, striking the ground at some dist-

ance therefrom upon her face and stomach (here follows a long list of injuries, permanent and otherwise), and she was put to great expense and inconvenience in providing the necessary medical attention, nursing, and other necessities in her efforts to heal and cure the said wounds and injuries; and plaintiff avers that the damage was caused by the negligence of defendant in starting said car while plaintiff was standing on the steps or platform of said car, in attempting to alight therefrom as aforesaid, and that said negligence was the direct, proximate, and effective cause of the said injuries and damage to the said plaintiff." Count 2 alleges generally the negligent conduct of the business of the defendant which resulted in the injuries as above set forth, and that the injuries and damages are the proximate result of this negligence.

Demurrers were interposed to the complaint as follows: To the first count: Because it joins in one and the same count an action of trespass with one in case, because the cause of action is improperly set forth, and because the averments of said count are not alleged as facts. To the second count: Because its averments are vague, uncertain, and indefinite, and because it avers but the conclusions of the pleader, and because no facts are therein averred to put the defendant on notice as to what negligence is relied on by the plaintiff. These demurrers were overruled, and issue was joined upon the general issue and two pleas of contributory negligence—the first, that plaintiff negligently alighted from the car; and, second, that plaintiff negligently alighted from the car while it was in motion.

Evidence for the plaintiff tended to support the allegations of the complaint, and the evidence for the defendant tended to show contributory negligence. The evidence objected to sufficiently appears in the opinion.

The defendant requested a number of written charges, the following of which were refused: "(1) If you believe from the evidence in this case that the car was in motion at the time plaintiff alighted or attempted to alight therefrom, you will find a verdict for defendant. (2) The burden of proof in this case is on the plaintiff to reasonably satisfy the jury that the car was not in motion at the time she alighted or attempted to alight therefrom." (3) General affirmative charge, with hypothesis. (4) Affirmative charge as to count 1. (5) Affirmative charge as to count 2. Charge 6 is set out in the opinion. "(7) The burden of proof in this case is on the plaintiff to reasonably satisfy the jury that the car was still when she attempted to alight."

Motion for new trial was made on the ground that the verdict was contrary to law and palpably against the weight of evidence in this case, and upon the ground that the court erred in refusing to give the charges above set out, each of which is made a separate ground of the motion, as are the objections to the testimony. There was judgment for plaintiff in the sum of $369.50.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The count charges corporate trespass and proof that the trespass was committed by the agent does not sustain the count, hence the court erred in refusing charges 3, 4 and 5.—*City Delivery Co. v. Henry,* 139 Ala. 161: *Southern Ry. Co. v. Yancy,* 37 South. 341; *C. of G. Ry. Co. v. Freeman,* 37 South. 387; *Bir. South. Ry. Co. v. Gunn,* 37 South. 329. Counsel discuss all the other assignments of error but cite no authority.

PEYTON H. MOORE, for appellee.—The demurrer to the complaint was properly overruled.—*Montgomery St. Ry. Co. v. Armstrong,* 123 Ala. 233. The doctor was properly permitted to answer as to what plaintiff com-

plained when he was called to see her.—*Bir. U. Ry. Co. v. Hale,* 90 Ala. 8. The court properly refused charge 1. —*Bir. Ry., L. & P. Co. v. Lindsey,* 37 South. 289. Charge 2 was properly refused.—*Gadsden, et al. v. Causler,* 97 Ala. 235: *L. & N. R. R. Co. v. Jones,* 83 Ala. 376. The affirmative charges were properly refused.—*L. & N. R. Co. v. Lancaster,* 121 Ala. 471; *Anderson's Case,* 109 Ala. 129. The general issue admits the character in which plaintiff sues to be that set out in the complaint.— *Strickland v. Burns,* 14 Ala. 511; *L. & N. R. R. Co. v. Trammell,* 83 Ala. 350; *Espalla v. Richard,* 94 Ala. 159.

HARALSON, J.—There is no merit in the demurrer to the complaint.—*Armstrong v. Montgomery Street Railway Co.,* 123 Ala. 233, 26 South. 349.

There was no error in overruling defendant's objection to the question propounded by plaintiff to Dr. Johnson: "What did she complain of, doctor, when you were called to see her?"—*Birmingham Union R. R. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748.

The plaintiff testified on cross-examination that there were three or four white ladies on the car at the time of the injury. It was obviously not material to any issue in the case to inquire who was on the car, or whether the passengers were white, although allowable to elicit the information when testing a witness on cross-examination. The court declined to allow the defendant's witness, the motorman, to answer the question, "Do you remember whether or not you had on another white lady?" An affirmative answer would not have contradicted plaintiff on any material issue, nor would it have shown a duty on plaintiff's part to introduce such white lady as a witness, as counsel for appellant argue to support the exception. Moreover, if the witness had answered the question by saying he remembered he "had on an-

other white lady," he would thereby have corroborated the plaintiff, and if he had answered he did not remember as to the matter inquired about, the answer would have amounted to nothing. The ruling does not constitute reversible error.

Charges 1 and 2, requested by defendant, were properly refused in that, if for no other reason, they assumed that plaintiff alighted from the car, and this might have been taken by the jury as an intimation that plaintiff was not thrown therefrom.—*Birmingham R., L. & P. Co. v. Lindsey,* 140 Ala. 312, 37 South. 289.

Charges 3, 4 and 5 ere properly refused. The general charge in favor of defendant could not have been given on either count, since there is conflict in the evidence. It is not a case charging corporate negligence as distinguished from the individual negligence of the defendant's agent, as is suggested by counsel for defendant.— *Collins v. A. G. S. R. R. Co.,* 104 Ala. 391, 16 South. 140; *Lampkin v. L. & N. R. R. Co.,* 106 Ala. 287, 17 South. 448; *Birmingham Ry. & Elec. Co. v. Baird,* 130 Ala. 334, 30 South. 456; *State v. May,* 135 Ala. 483, 33 South. 30; *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389.

The plea of the general issue was an admission of the character in which plaintiff sues, such as is set out in the declaration.—*Strickland v. Burns,* 14 Ala. 511.

Charge 6, that if the jury believe the evidence, plaintiff was of sufficient judgment and discretion to be guilty of contributory negligence, was properly refused. There was no contest as to the age and discretion of the plaintiff.

If charge 7 asserted a correct proposition applicable to the case, appellant had all the benefit of the proposition asserted, when the court gave at its request charges 1 and 2 of its given series.

[Lipscomb v. Seaman.]

We cannot say that the trial judge erred in denying the motion for a new trial. He heard the witnesses testify, and the record does not disclose that decided preponderance of evidence against the verdict necessary to convince us it is wrong or unjust.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

Affirmed.

DOWDELL, ANDERSON, and DENSON, JJ., concur.