# Palmer *v.* Sulzby.

*Bill to Foreclose Mortgage.*

(Decided January 13, 1914.  64 South. 368.)

1. *Mortgages; Foreclosure; Bill; Original Debt.*—It was not necessary that the bill to foreclose the mortgage should allege the origin of the debt and the nature of the consideration, since the notes secured by the mortgage on real estate imported a consideration.

2. *Same; Method; Remedy by a Sale.*—Equity has jurisdiction to foreclose the mortgage where there is a power of sale contained therein as well as where there is no power.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by James F. Sulzby against Mrs. Palmer to foreclose a mortgage. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

THOMPSON & THOMPSON, for appellant. The bill was insufficient in its statement of fact to show a consideration and its nature for the mortgage sought to be foreclosed, and failed to show a necessity for a foreclosure as the mortgage contained a power of sale.—Sec. 3094, Code 1907, and cases cited.

JAMES A. MITCHELL, and W. T. HILL, for appellee. There is nothing in either ground of demurrer.—*Hun-*

*ley v. Lang,* 5 Port. 157; *Vaughan v. Marable,* 64 Ala. 67.

SAYRE, J.—Bill to foreclose a mortgage averring that defendant was indebted by promissory notes executed by defendant and secured by the mortgage. Defendant demurred to the bill on the ground that it should contain specifications as to the origin of the debt and the nature of the consideration for which the notes were given. Our judgment is that the averments of the bill in this respect were sufficient. The notes imported a consideration, and that was enough.—*Hunley v. Lang,* 5 Port. 157.

Defendant also demurred to the bill because complainant had ample remedy under the power of sale in the mortgage. All the authorities concur that the jurisdiction of equity exists as well where there is a power to sell as where there is none.—*McGowan v. Branch Bank of Mobile,* 7 Ala. 828; *Vaughan v. Marable,* 64 Ala. 67.

There was no error in the ruling on demurrer.

Affirmed.

ANDERSON, McCLELLAN, and SOMERVILLE, JJ., concur.