CARROLL, Appellant, vs. PAUL'S ADMINISTRATOR, Respondent.

1. The supreme court has repeatedly declared that it will not reverse for the refusal to give instructions, when those given fully present the case to the jury.

2. A general stipulation that the minutes of the testimony of a witness on a former trial may be read in evidence, extends to any number of subsequent trials; nor is it necessary that the stipulation should have been filed among the papers in the cause.

### Appeal from St. Louis Court of Common Pleas.

This was an action of *assumpsit*, begun by Carroll against Paul in 1847, and after the death of Paul, revived against his administrator. A statement may be found in the opinion of this court, when the case was formerly here. (16 Mo. Rep. 226.) On the last trial below, the respondent read in evidence the minutes of the testimony of John Barr on a former trial, first producing from his own possession a stipulation which is set out in the opinion below. The appellant proved that this stipulation was entered into at a former trial, and that the testimony of Barr had been read in evidence under it. He excepted to the admission of the testimony at the present trial, for the reason that the stipulation was only intended for the former trial, and for the further reason that it had not been filed in the

case. Barr testified that Paul rendered an account marked " O" to Carroll, which showed a balance in his favor, and that Carroll promised to pay it, although he made some complaints. The account, marked " O," was then read in evidence, to which the appellant excepted, for the reason that it was not identified as the account referred to by Barr. There was a judgment for the defendant, from which the plaintiff appealed.

*Krum & Harding*, for appellant.
*Britton A. Hill*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case was before in this court, and was reversed and remanded at the March term, 1852. Upon the last trial, the defendant had a verdict, and the plaintiff appeals. The grounds of complaint upon which the appellant urges the reversal, consist in the admission of evidence, and the giving and refusing to give instructions. So far as respects the action of the lower court, in regard to the instructions given, as well as those refused, it is deemed sufficient for this court to say that, in looking over the facts of the case, and the law applicable thereto, we consider that the court below very fairly presented the law of the case to the jury.

1. The case was submitted to the jury upon instructions, in accordance with the decision of this court, at March term, 1852, and reference is had to the opinion then delivered. This court has again and again declared, that we will not reverse a judgment for not giving instructions, when we see that those given fully present the law of the case upon the matters in evidence before the jury. We shall not, therefore, any further notice this ground of complaint.

2. The principal matter of difficulty in the case, as it now comes before the court, consists in the admission of the evidence of the former witness, Barr, and the admission of the account " O." The appellant insists that the court erred in

admitting this testimony; and the defendant contends that it was properly admitted, and relies upon the stipulation of the counsel, as authorizing the ruling of the court in regard to the evidence.

After the plaintiff had closed his case, the defendant offered to read the report of the testimony of one John Barr, who gave testimony in a case at a former trial. To this the plaintiffs objected as incompetent. The defendant proved that said Barr had gone away, and a subpœna for him had been returned " not found." The plaintiff, still insisting on his objection, the defendant's counsel then produced from his own possession the following stipulation : " William L. Carroll *vs.* René Paul. In the St. Louis Court of Common Pleas. In this case, the testimony of John Barr, as given on the former trial of this case, as reported by the reporter, may be read in evidence on the part of the defendant, and books of account of the defendant, so far as entries are made by Carroll therein, are admitted. The ledger and day-book or account book, and the rent books of Paul, from May 1st, 1844, to November, 1846, are also admitted; and that the letter of 14th January, 1847, was written in reply to the presentation of account " O" by John Barr." Todd & Krum, for plaintiff. St. Louis, March 31, 1851." The counsel for the plaintiff objected to the admission of the testimony of John Barr under the stipulation, and offered to prove that the stipulation was made at a previous term, and for the purpose of a previous trial; that Barr's testimony had been read under it. Plaintiff's counsel insisted that he did not know that the paper was a valid one now, or in existence, as a stipulation, or that it was intended to be relied on, and objected that it had not been on file in the cause, but was produced by the defendant's counsel from his private papers. The court overruled the plaintiff's objections, and permitted the testimony to be read.

This stipulation is a general one, that the report of the testimony of John Barr, a witness, on the trial of this case, at a former term, may be read in evidence on the part of the de-

fendant, &c. It does not confine the use of this witness' testimony, which had once been given and taken down, to any particular term of the court, or any particular trial of the case.

The stipulation was not such a paper as was necessary to be filed in the cause. It contained, in itself, no evidence; it related to no fact to be enquired into or passed upon by the jury; it was offered to the court as a reason why the former testimony of a witness, taken down before the same court, by its reporter, on a trial between the same parties, of the same cause, should be again used in evidence. This stipulation had no condition in it—bears upon it no reason why it was made, such as; "for the purpose of having a trial at this term of the court, it is stipulated," &c. But it is a general stipulation that the testimony of John Barr, as reported on a former trial of this cause, and taken down by the reporter, may be read in evidence on the trial of this case on the part of the defendant. The court below did right, then, to admit the testimony. This report of the testimony appears to have been a full one: there is a long cross-examination of the witness, Barr. This testimony, no doubt, was fully known to the plaintiff, as this case was, with the facts, heretofore before this court, in which the present appellant was then appellee, and one of the instructions asked by the plaintiff on that trial, mentions the testimony of the witness, Barr, and the account " O." This evidence, then, was no surprise on the plaintiff. In the opinion delivered heretofore, in this case, it was stated: " We consider there was a variance between the second agreement and the item founded upon it in the bill of particulars. This objection, however, might have been obviated by an amendment, on such terms as would serve the ends of justice, and as the circumstances of the case required. This, however, could only have been necessary on the first trial, as the last was the third trial of the cause. We are at a loss to conjecture how the defendant could have been injuriously affected by the introduction of such testimony. It certainly created no surprise, as the former trial must have informed him of the future course of the

plaintiff." Now apply this liberal rule to the defendant, of which the plaintiff once had the benefit in this court, and how could the testimony of a witness, twice before used on trial, and which had been admitted by the plaintiff's counsel under a written stipulation, injuriously affect the plaintiff by being a third time used? There is nothing in the attempt of the defendant's counsel to have Barr subpœnaed that destroys the force of this general stipulation. He might have preferred the living witness before the jury. He might have thought it necessary, out of abundant caution, to make the effort to obtain the witness. There is nothing in the remark of the plaintiff's counsel that he did not know whether the stipulation was in force, or even in existence. This stipulation did not have the effect to introduce any new evidence — did not give a new phase to the facts or character of the facts. Upon the whole then, there is no error in the court below calling for the reversal of this judgment.

The judgment below is affirmed, with the concurrence of the other judges.