# Bell *v.* Lawrence's Administrator.

*Bill in Equity for Rescission of Contract on account of Fraud and Mistake.*

*When equity will not rescind contract on ground of fraud or mistake.* — A court of equity will not rescind a contract made in compromise of a pending suit, on account of a mistake of law, which was common to both parties, as to the validity of the consideration of the note on which the suit was founded; nor on account of fraudulent representations as to the consideration of the note, unless precisely alleged, and clearly and fully proved.

[Bell *v.* Lawrence's Administrator.]

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed by M. A. Bell, the appellant, against J. A. Corbitt, as the administrator of the estate of Joseph Lawrence, deceased; and sought to set aside and rescind, on the ground of fraud and mistake, a contract made between the parties in compromise and settlement of a pending suit. The suit was founded on a promissory note for about $3,000, executed in 1860, the consideration of which was either a purchase of slaves, or a purchase of slaves and land. The complainant was the attorney of the plaintiff in that suit, and purchased the note while the suit was pending. By the terms of the contract or compromise, he accepted about $450 in full satisfaction of the debt, and judgment was rendered in accordance with the terms of the contract. He alleged in his bill, as the ground of relief against the compromise, that he was induced to enter into it by the representations of the defendant's attorney, frequently repeated; that the sole consideration of the note was the purchase of slaves, and by his own opinion, which was common throughout the country, and which was supported by the decisions of the courts, that the ordinance of the convention prohibiting a recovery on such notes was valid. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

JAS. L. PUGH, for appellant.

J. A. CORBITT, J. A. CLENDENIN, and F. M. WOOD, *contra.*

BRICKELL, J. — The bill was filed to rescind a contract into which the complainant deliberately entered, after it had been the subject of frequent negotiation and discussion. The parties with whom he contracted stood to him in no relation of trust or confidence, but were his adversaries in pending litigation. The matter of litigation and dispute was the consideration of a promissory note, which first passed into the hands of the complainant, as a lawyer, for collection; and of which, while the suit thereon was undetermined, he became the purchaser and owner. This suit he compromised, and accepted in full satisfaction about one eighth of the principal and interest of the note. He avers that he was induced to enter into this compromise by the representation of opposing counsel, that the sole consideration of the note was the purchase-money of slaves; and that the counsel, in support of this representation, exhibited to him a bill of sale of slaves, expressing that a note, of which the note in suit was a renewal, was the consideration of such bill of sale. The complainant had been previously in-

[Bell *v.* Lawrence's Administrator.]

formed that the consideration of the original note was the purchase-money of land as well as slaves, and had summoned witnesses to prove the fact. This, indeed, seems to have been the controverted fact in the suit. Each party seems to have labored under the mistake of law, that if the consideration of the note was the purchase of slaves, it was invalid. The complainant sought to establish an additional consideration, the purchase of lands, that a recovery might be had to the extent of such consideration. His adversary disputed this fact, and each had evidence to support the claim on the one hand; and the defence on the other.

A rescission of a contract in a court of equity is not a matter of discretion. The court cannot arbitrarily annul the contract, but is governed by defined rules and established precedents. When the parties stand to each other in no relation of trust or confidence, an application to rescind must be based on precise allegations of fraud, clearly and fully proved. The stern rule of law, founded in the highest practical wisdom, intervenes, and is rigidly applied to such an application, that fraud must be proved, and cannot be presumed. In the absence of all evidence that there was a breach of a legal or equitable duty, or a *suggestio falsi*, or *suppressio veri*, of material facts of which the one party had knowledge, and as to which the other party had a right to rely on a frank, full disclosure, the contract must stand, without regard to the disappointment of expectations indulged when it was made. There is no room for the imputation to the parties with whom the complainant dealt, of any fraud or misrepresentation. He had knowledge of all facts known to them when he entered into the contract. He was not induced into the contract by any misrepresentation. As to the fact whether the note was given partly in purchase of land, and partly in purchase of slaves, he knew it was by them disputed, while he asserted it. Under the pleadings and proofs in this cause, if the contract should be rescinded, but little reliance could be reposed in compromises of litigation, or in the force and dignity of any contract deliberately entered into, if either party should be mistaken in the motives prompting to its making, or disappointed in the expectations he indulged.

The decree of the chancellor dismissing the bill was correct, and it is affirmed.