# *Ex parte* Hayes.

## *Application for Mandamus to Circuit Court.*

1. *Admission in agreed statement of facts; relief against, on subsequent trial.*—When an agreed statement of the facts is reduced to writing, signed by the attorneys of the respective parties (Code, § 866), and not limited to use on one trial only, a party can not be relieved from an admission therein contained, on a subsequent trial after a reversal and remandment of the cause, except for some cause which would authorize a rescission of a contract; and neither his attorney's understanding that the agreement was for the purpose of one trial only, nor his opinion that the admitted fact was immaterial, is a sufficient cause to set it aside.

2. *When mandamus lies.*—This court will not award a *mandamus* to the Circuit Court, to compel that court to vacate an order improperly relieving a party from an admission contained in an agreed statement of facts used on a former trial. If the court refuses to receive the admission as evidence on a second trial, an exception may be reserved, and the ruling revised on appeal.

APPLICATION for *mandamus* to the Circuit Court of Montgomery, Hon. JOHN P. HUBBARD presiding, on the facts stated in the opinion.

WATTS & SON, for petitioner.—Agreements of counsel as to trial of causes have the same binding force as if made by the parties themselves; and the admission of counsel, made to dispense with some formal proof at the trial are generally conclusive. 1 Brick. Dig., p. 193, § 55; *Starke v. Keenan*, 11 Ala. 818; *Rosenbaum v. State*, 33 Ala. 354; *Saltmarsh v. Bower*, 34 Ala. 613; *Young v. Wright*, 1 Camp. 140. The exception is where there has been a gross mistake or fraud. *Harvey v. Thorpe*, 28 Ala. 250; *Rosenbaum v. State*, 33 Ala. 354; *Wilson v. Spring*, 64 Ill. 18; *Smith v. Milliken*, 2 Minn. 319; *Williams v. Tracy*, 95 Pa. St. 308; Wharton on Ev., § 1184; Steven's Ev., Art. 17; Wharton on Agency, § 585. A party will not be relieved on account of the error or mistake of his attorney as to the pertinency or force of evidence.—*Baker v. Whiting*, 1 Story C. C. 218; *Jenkins v. Eldridge*, 3 Story C. C. 316; *Kelly v. McKinney*, 5 Lee (Ky.) 164; *Jamison v. May*, 8 Ark. 600.

[Ex parte Hayes.]

Davip T. Blakey, *contra.*

WALKER, J.—At the June term 1890 of the Montgomery Circuit Court, before the trial of the pending case of E. C. Hayes v. W. D. Wescott, an agreed statement of facts in that case was made, reduced to writting and signed by the attorneys for the respective parties. This statement was used in the trial of the case at that term of the court. The result of that trial was a judgment for the defendant. The plaintiff, thereupon, sued out an appeal to this court, and a judgment has been here rendered reversing the judgment of the Circuit Court, and remanding the case. Said agreement states, among other things, the execution of a mortgage by one Williams to the plaintiff, and that at the date of the mortgage, said Williams was insolvent, but that plaintiff did not know of such insolvency. After the remandment of the case, the defendant moved the Circuit Court to relieve him as to so much of said agreement as stated that plaintiff did not know of Williams' insolvency and to permit him to introduce evidence on that point. On this application the court, after hearing evidence, made an order setting aside the entire agreement. The plaintiff excepted to this action of the court and preserved the evidence by bill of exceptions. The case was then continued to the next term of said court. The plaintiff in that case now applies to this court to issue a writ of *mandamus* to the judge of said Circuit Court commanding him to vacate and set aside said order in reference to said agreement.

When there is no dispute between the parties as to facts desired to be presented on the trial, common sense suggests that the time and expense necessarily involved in making the proof in formal manner be saved by the execution of an agreement as to such facts. Such agreements are constantly made, often with an express reservation of the right to interpose objections to the competency, sufficiency or legal effect of the facts stated. Courts generally encourage this method of dispensing with unnecessary labor and outlay by enforcing as binding on the parties the formal written agreements of attorneys touching matters arising in the conduct of litigation. *Starke v. Keenan,* 11 Ala. 818; *Saltmarsh v. Bower,* 34 Ala. 613; 3 Brick. Dig. p. 193; 1 Thompson on Trials, §§ 193, 361. Rules of practice regulating this matter have been in force in the courts of this State from an early day. But the legislature, evidently recognizing the practical wisdom of giving effect to such agreements, was unwilling to leave them to be governed by rules of practice subject to change, or to be dependent for their enforcement on the uncontrolled discretion

[Ex parte Hayes.]

of the courts, and has, by a statute mandatory in its terms, provided, that "an attorney has authority to bind his client, in any action or proceeding, by an agreement in relation to such cause, made in writing, or by an entry to be made on the minutes of the court."—Code of 1886, § 866. It seems that the agreement of the attorneys in a cause, made in pursuance of the terms of this statute, is as binding upon the parties as would be a contract entered into by themselves.—*Norman v. Burns*, 67 Ala. 248; *Charles v. Miller*, 36 Ala. 141. If agreements so made have such effect, then they may not be set aside upon any lower grounds than would warrant a rescission of a contract—namely: fraud, collusion, accident, surprise, or some ground of the same nature.—*Bingham v. Supervisors*, 6 Minn. 136: *Keogh v. Main*, 52 N. Y. Super. 160; *Wilson v. Spring*, 64 Ill. 14–18; *Harvey v. Thorpe*, 28 Ala. 250; *Saltmarsh v. Bower*, 34 Ala. 613; 1 Thompson on Trials, § 194.

In this case the defendant rested his application for relief from part of the agreement on two grounds. In the first place, it was urged that defendant's counsel understood that the agreement was for the trial at the June term 1890 only. It would seem that a sufficient answer to this suggestion is, that the extent of the operation of the agreement is to be determined by the terms thereof, and not by the unexpressed understanding of the parties, and that nothing is expressed in the agreement limiting its operation to the term of the court at which it was made. On the contrary, the agreement expresses, "that the case shall be tried on this statement of the facts," each party reserving the right to make proof of facts in addition to those agreed on. True, the agreement does not specifically refer to more than one trial, but the language just quoted as aptly applies to a trial at any subsequent term as to the trial expected to be entered upon at the term the agreement was made. Furthermore, it appears, that the agreement was not occasioned by any temporary inability of either party to secure witnesses, documents or records, but was entered into to dispense with the necessity of formal proof that might then have been made. Entered into in such circumstances, it would seem that the agreement was intended to apply to any trial of the case, and was not limited to the first attempt to try, which might, and as a matter of fact, did result in a mistrial, as shown by the reversal and remandment of the cause.—*Central Bridge Corporation v. Lowell*, 15 Gray 106–128; *Farmers Bank v. Sprigg*, 11 Md. 389; *Carroll v. Paul*, 19 Mo. 102; 1 Thompson on Trials, § 361.

The other ground to support the application, that counsel for the defendant allowed the particular statement, from the

admission of which he sought to be relieved, to go into the agreement because he then regarded it as immaterial matter, was at most a mistake of law, which would not by itself call for the rescission of a contract.—*Bell v. Lawrence*, 51 Ala. 160. It is not suggested that the agreement is vitiated by fraud, imposition or improper influence. Indeed it is not intimated that plaintiff or her counsel did or said anything to mislead defendant's counsel into making the admission from which relief was sought. The most that was said against the admission is that at the time it was made the defendant's counsel did not apprehend the possible bearing of the fact admitted on the result of the case, he then insisting on the invalidity of the mortgage in question, and not regarding plaintiff's knowledge or ignorance of the insolvency of the mortgagor as a material inquiry. On applications for the rescission of contracts or to open judgments or decrees rendered, an error of judgment or mistake of law by a party as to the legal bearing of a particular fact, or by counsel as to the effect of evidence inadvertently allowed to go into the case without contradiction, has not been regarded as a sufficient basis for relief.—*Bingham v. Board of Supervisors, supra; Keogh v. Main, supra; Baker v. Whiting*, 1 Story C. C. 218; *Jenkins v. Eldridge*, 3 Story C. C. 219–314; *Saltmarsh v. Bower*, 34 Ala. 613; *Jamison v. May*, 8 Ark. 600; Bishop on Contracts, §§ 704–705.

What we have said above is sufficient to show that the application to set aside said agreement presented a judicial question. The determination of that question was a matter within the jurisdiction of the Circuit Court. That court has acted in the matter, and the question now presented to us is whether we can by *mandamus* direct the Circuit Court to undo what it has done, on the ground that its decision was erroneous. We are clearly of opinion that the extraordinary remedy by *mandamus* is not applicable to such a case. *Mandamus* may issue from this court, in a proper case, to compel an inferior court to hear and decide a controversy of which it has jurisdiction, but it is not a proper function of the writ to direct what particular judgment the inferior court shall render in a pending cause, much less to compel such court to retrace its steps, and, on the ground of error, reverse its decision already rendered.—*Ex parte Redd*, 73 Ala. 548; *Ex parte South & North Ala. R. R. Co.*, 65 Ala. 599; *The State Ex rel. Pinney and Williams*, 69 Ala. 311; High on Extraordinary Legal Remedies, (2nd. Ed.), § 156; 14 Amer. & Eng. Encyc. of Law, 119. While this court, to say the least, has made a liberal use of the remedy by *mandamus* where relief in other modes was inadequate; still it has steadily set its face against any exten-

[Alston v. The State.]

sion of the operation of the writ to cases properly falling within the appellate powers of this court, and has several times called attention to the manifold embarrassment that would result from attempting by *mandamus* to reach objectionable rulings made in the progress of cases which can be reviewed and adequately corrected on appeal.—*Ex parte S. & N Ala. R. R. Co.*, *supra; Ex parte Garland*, 42 Ala. 559, opinion of Byrd, J. In this case, if the agreement in question has been improperly set aside, or if the plaintiff on the trial shall be improperly deprived of the benefit of an admission formally made by defendant's counsel, such ruling of the court can be reviewed and fully corrected on appeal from the final judgment. It would be a deprivation of evidence like that which may result from the unauthorized suppression of a deposition; and it has been held that *mandamus* does not lie to compel the vacation of an order suppressing a deposition.—*Ex parte Elston*, 25 Ala. 72. We can not on this application determine the merits of the ruling of the Circuit Court in setting aside the agreement, but in stating the character of the question passed upon by the court in making that order, we have not forborne to make suggestions, which, as the case is yet to be tried, may lead to the exclusion of a possible reversible error from the further proceedings of the trial court.

Application for *mandamus* denied.