# Robinson, *et al.* v. Driver.

*Bill for Specific Performance of Contract for Sale of Land.*

(Decided February 13, 1902.)

1. *Specific performance; contract for the sale of land; statute of frauds; recitals of judgment entry.*—On a bill filed for specific performance of a contract for the sale of land, the only con-

tract alleged was shown by a recital in a judgment entry in a former action of ejectment between the parties, reciting an agreement by the parties in open court for the sale of the land by the plaintiff in that suit to the defendant, who was complainant in the bill. *Held*: That the contract was void under the statute of frauds, not being in writing and subscribed by the party to be charged therewith, and the recital in the judgment entry not being a compliance with the statute, Code, § 2152.

2. *Same; Code, § 2152; contract for sale of land; possession; payment of purchase money; pleading.*—In such a case, where the bill averred only a contract for the sale of land, evidenced by a recital in a judgment entry of an agreement in open court by the parties in an ejectment suit, who were also parties to the equity suit; and averred that complainant (who was defendant in the ejectment suit), in accordance with the agreement evidenced by the judgment entry, paid a certain sum of money to the attorney for the plaintiff in the ejectment suit (respondent here); and averred that complainant was in posession of the land when the ejectment suit was commenced against him and "is now in possession" (at the time of the filing of the bill), the bill is demurrable for not showing that said attorney was authorized to receive said money as payment of part of the purchase money of the land, and for failure to show that the respondent (plaintiff in the ejectment suit) put or continued complainant in possession under said agreement, and for failure to bring the case within the exceptions to subdivision 5 of section 2152 of the Code.

APPEAL from Chilton Chancery Court.

Heard before Hon. RICHARD B. KELLY.

The bill was filed by W. D. Driver against the Magnetic Ore Company, a corporation, and W. C. Robinson, who, it was alleged, had bought the land from the Magnetic Ore Company after the rendition of the judgment in the ejectment suit, and with notice of complainant's possession of the land and his rights in the premises. The judgment entry in the ejectment suit, which was a judgment in the usual form in favor of the plaintiff Magnetic Ore Company against Driver (defendant) for the land sued for, concluded as follows: "And thereupon came the parties and it is shown to the court that the following agreement is made by and between the

plaintiff and defendant in this cause, to-wit: by which defendant has paid to plaintiff's attorney the sum of twenty-five dollars and upon execution by defendant to plaintiff of two notes each in the sum of $25 and payable at one and two years from this date, and payment of all costs in this cause within 60 days from this date, plaintiff is to execute to defendant a warranty deed to lands described in this complaint and the defendant to secure payment of said notes by mortgage on said lands." The bill also averred readiness and willingness on the part of complainant to comply with the other terms of sale, and a tender by him of the amount due on said purchase both by the attorney of the Magnetic Ore Company and to Robinson to whom that company had conveyed the land, and a tender to them of a deed for execution, conveying the land to complainant.

The Magnetic Ore Company demurred to the bill on the ground that the contract alleged was void under the statute of frauds, it not appearing that the purchase money or a portion was paid, and that the complainant, the alleged purchaser, was put in possession thereof by the seller; and because it did not appear therefrom that said attorney was authorized to enter into said contract of sale, or was authorized in writing to act as the agent for said Magnetic Ore Company in making the sale. From a decree overruling these demurrers defendants appeal.

W. A. COLLIER, for appellants, cited 90 Ala. 103; 93 Ala. 450; *Robinson v. Murphy,* 69 Ala. 543, 4th head note; *Powell v. Highly,* 93 Ala. 103; *Harper v. Johnson,* 30 So. Rep. 283.

A. C. SMITH, *contra,* cited Code, §§ 592, 2152; *Powell v. Higley,* 90 Ala. 103; *Harper v. Campbell,* 102 Ala. 342; 93 Ala. 450.

DOWDELL, J.—The bill in this case was filed for the specific performance of a contract for the sale of land. The bill avers that the complainant "is now in possession of the land," described in the bill, and that complainant "was in the possession of the land," when the respondent, the Magnetic Ore Company, a corporation,

began its suit in ejectment to recover possession of the land from the complainant. The judgment in the ejectment suit, showing a recovery by the Magnetic Ore Company against the complainant here is made an exhibit to the bill. In this judgment entry there is recited an agreement made by the parties in open court for the sale of the land by the plaintiff in that suit, the Magnetic Ore Company, to the defendant, who is the complainant here. There was no writing signed by the Magnetic Ore Company, nor by anyone thereto authorized by it, as required by the statute in contracts for the sale of land. The bill alleges that in pursuance of the agreement of sale set forth in the judgment entry, the complainant here paid W. A. Collier, the attorney of record for the Magnetic Ore Company, twenty-five dollars in cash. The bill was demurred to on the ground that it showed on its face that the contract of sale as alleged was void under the statute of frauds.

Section 2152 of the Code of 1896 reads as follows: "In the following cases, every agreement is void, unless such agreement or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other preson by him thereunto lawfully authorized in writing;" and subdivision 5 under said section is as follows: "Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."

The only contract of the sale averred in the bill is that shown by the recital in the judgment entry a copy of which is made an exhibit to the bill. There is no pretense of any agreement, or note or memorandum thereof, expressing the consideration, in writing, *and subscribed by the party to be charged therewith, or some other person thereunto lawfully authorized in writing.* The recital of the agreement of the parties in the minute entry, which constituted no part of the judgment proper, is not a compliance with the requirements of the above statute.

[Johnson v. Southern Building & Loan Association.]

The bill avers that the complainant in accordance with the agreement paid twenty-five dollars in cash to W. A. Collier attorney for the plaintiff in the ejectment suit, but it does not aver that said attorney was authorized to receive the twenty-five dollars, as a payment of part of the purchase price of the land. Nor does the bill aver that the Magnetic Ore Company, the respondent here, put the complainant in possession of the land under said agreement, or that being then in possession of said land, he was under said agreement continued in the possession, but as stated above, the only averment as to possession, is that the complainant is now in possession, that is, at the time of the filing of the bill, and that he was in possession when the ejectment suit was commenced against him. These averments do not bring the case within the exception of subdivision 5, above quoted, and are insufficient to take the contract without the statute.

The chancellor erred in overruling the demurrer, and the decree will be reversed and the cause remanded.