# B. F. Roden Grocery Co. *v.* McAfee.

*Petition Claiming Lien and Priority of Payment.*

(Decided April 15, 1909.    49 South. 402.)

1. *Attorney and Client; Agreements.*—An agreement made between attorneys and parties to pending litigation, settling the litigation, is binding on the parties and the attorneys, and will be enforced against them.    (Sec. 2088, Code 1907.)

2. *Assignment; Benefit of Creditor; Obligation of Assignee.*—Although an assignee for the benefit of creditors is a trustee, yet he cannot, while a trust fund is being administered by the court, bind the court and beneficiaries as to the distribution of the trust funds; hence, an agreement between the attorney of the assignee and the attorney of a creditor is not binding upon the court or the other creditors.

3. *Same; Agreement; Stipulation.*—Where the attorney of an assignee for the benefit of creditors and the attorney for one of the creditors agreed that upon the filing of a decree declaring a lien in favor of other creditors, a similar decree should be entered in favor of the agreeing creditors, and the chancelor declared liens in favor of the other creditors, some of which on appeal were reversed on the merits and others affirmed on technicalities, the stipulation or agreement must be construed as intending that a decision on the merits by the court on appeal should determine the right of the creditor to a decree in his favor.    Hence, the reversal on the merits authorized the court to render a decree refusing to declare a lien.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

[B. F. Roden Grocery Co. v. McAfee.]

W. H. McAfee as assignee of the McAfee Company was administering the trust estate in the chancery court of Jefferson County, for the benefit of the creditors of the company, and the B. F. Roden Grocery Company, filed its petition and agreement claiming a lien and priority of payment. The chancellor declined to enter a decree declaring a lien and priority of payment, and the petitioner appeals. Affirmed.

C. B. POWELL, for appellant.—The purpose of section 2988, is to prevent embarrassments in judicial proceedings.—*Prestwood v. Watson,* 111 Ala. 644. "An attorney has authority to bind his client in any action or proceeding by an agreement in relation to such cause made in writing or by an entry to be made on the minutes of the court."—*Stone v. Bank of Commerce,* 174 U. S. 412; *Louisville Trust Co. v. Stone,* 88 Fed. 387; 43 L. R. A. 1034; 174 U. S. 429; *Brown v. Arnold,* 127 Fed. 387; *Wadsworth v. First National Bank,* 124 Ala. 440; *Perkins v. Reeves,* 10 S. E. 624; *Am. Emigrant Co. v. Long,* 74 N. W. 940; *Lo. Kan. R. R. Co. v. Pavey,* 46 Pac. 969; *Lorimer v. Lorimer,* 83 N. W. 609; *Ex parte Jones,* 25 S. E. 285; *Security Loan & Trust Co. v. Estudillo,* 66 Pac. 657; *Daneri v. Gazola,* 83 Pac. 455; *Senn. v. Joseph,* 17 So. 543; *Ex Parte Hayes,* 9 So. 156; *Maxwell,* 21 N. Y. Supp.; *Walker v. Grayson,* 10 S. E. 51; *Hayes v. Oconner,* 9 Ala. 488; *Taylor v. Hill,* 115 Cal. 143; *Franklin v. Nat. I. Co.,* 43 Mo. 491; *Oliver v. Bennet,* 65 N. Y. 559; *Ohiquest v. Farwell,* 71 Iowa, 231; *N. Missouri R. R. Co. v. Stephens,* 36 Mo. 150, 88 Am. Dec. 138; *Charles v. Miller,* 36 Ala. 141; Code 1907, Section 2988; 5th Cen. Digest 1611; *Schaeffer v. Siegel,* 9 Mo. App. 594; 4 Cyc. 950.

JOHN W. TOMLINSON, for appellee.—Counsel discuss the matters submitted, but without citation of authority.

MAYFIELD, J.—The only question involved on this appeal is the effect that should be given a certain written agreement of counsel filed in the lower court. The agreement is in words and figures as follows: "W .H. MacAfee, Assignee, v. MacAfee Company. In the Chancery Court, Jefferson County, Birmingham, Alabama. In re Reference Regarding Claim of B. F. Roden Grocery Company, Claiming a Lien and Priority of Payment. Whereas, the same question is involved in the above matter as in the reference of Benj. S. Catchings, Assignee, Arnold & Mathis, J. D. Wallenhaupt, and P. Giacopazzi; and whereas, the references have been held in said matter; and whereas, it will save cost of a reference in this matter: We, the undersigned, hereby agree that when a decree is rendered by a chancellor in any one of the above references, declaring a lien or preference, a similar decree shall be rendered in the claim of B. F. Roden Grocery Company; in other words, if a lien is declared in favor of any one of said claimants, a similar lien shall be declared in favor of B. F. Roden Grocery Company for the full amount of their claim. If no lien is declared, then a similar decree shall be rendered in regard to B. F. Roden Grocery Company. (Signed) B. F. Roden Grocery Company, by C. B. Powell, Atty. W. H. MacAfee, Assignee, by Jno. W. Tomlinson." Indorsed: "Filed in office Dec. 11th, 1905. J. W. Altman, Register in Chancery."

The facts necessary to a decision of the question are in substance as follows: Appellee, as assignee of the MacAfee Company, filed his bill to administer the trust estate in the chancery court of Jefferson county; the assignment being a general one for the benefit of all the assignor's creditors. Various creditors filed their claims of indebtedness; some claiming a lien which they sought to have the court declare and enforce. These are special-

ly mentioned in the agreement of counsel. These claims mentioned in the agreement were all heard and considered in the chancery court, except the appellant's and that court decided that the creditors had a lien and decreed the enforcement thereof. From this decree the assignee prosecuted separate appeals to this court. Some of these were affirmed for want of a final decree in the record to support the appeal. As to the other appeals, which were decided upon the merits, the decree of the chancellor in each was reversed; this court holding that the creditors had no lien. Confessedly, this would have been the decree of the court in each of the other cases, if decided upon the merits; it being conceded that the rights of all those particular creditors were the same, and involved the same questions of law. Not until after a final determination of all these questions by this court on appeal did the appellant ask any order or decree by the chancery court. It then filed its petition asking a decree declaring its lien, such as those rendered in the cases in which the appeals were affirmed on a technicality, in accordance, as it claimed with the agreement on file.

Its petition was resisted by other creditors, and by the assignee, upon the ground that the spirit of the agreement—if not the letter—was that petitioner's claim should abide the result of the final determination of the claims on the merits, and not the decree in the chancery court, or, in this court, on a technicality, and on the further ground that neither the assignee nor his attorney could bind the other creditors by this agreement. The chancellor seems to have taken the same view that the assignee and the other creditors took of it, and disallowed the petitioner's lien, but allowed him to share only in the assets as other creditors. From that decree this appeal is prosecuted.

The appellant's contention is not without force, if the literal wording of the agreement is to control; and if it is binding upon all the parties to the litigation, and upon the courts, it would be entitled to its decree declaring the lien. But we doubt if the attorneys of the petitioner and the assignee had a right to bind the other creditors and the court by this agreement. They could possibly, under our statutes, bind themselves and their clients under such an agreement; and, if they were the only parties to be affected by it, it would be the duty of the court to enforce it. Such agreements in such cases are not only authorized, but encouraged, to promote justice and fair dealing, and to terminate properly, or prevent, litigation.—Code 1907, § 2988 (592) ; *Norman v. Burns,* 67 Ala. 248; *Wadsworth v. Bank,* 124 Ala. 442, 27 South. 460; *Robinson v. Driver,* 132 Ala. 169, 31 South. 495; 2 Mayfield's Dig. p. 329. Such contracts as the statute authorizes are as binding on the parties and the attorneys as any other contract.—*Ex parte Hayes,* 92 Ala. 120, 9 South. 156. Law, as well as sound policy and good morals, requires that courts should enforce such written agreements of counsel as authorized by the statutes.— *Stark's Case,* 11 Ala. 818; *Rosenbaum's Case,* 33 Ala. 354. But, as a necessary corollary of the foregoing, courts should not enforce such agreements against those not parties thereto and not bound thereby.

The assignee is a trustee, and represents the trust property, but not to the extent to bind the court and the beneficiaries of that trust fund as to a disposition of it, when it is being administered by that court, and they are parties to the proceeding, but not parties to the agreement between counsel for the assignee and that of one other creditor. If that could be done, the counsel for the assignee could give the whole of the trust fund to one creditor, and thus deprive the other creditors,

without an opportunity to object or consent. For example, this agreement cannot be enforced, except at the expense of the other creditors, who have rights in the trust estate and are parties to the proceeding, but not to the agreement. And while, under the letter of that agreement, as between the appellant and the assignee, the appellant was entitled to have its lien decreed in accordance with its petition, yet under the spirit of it, which is shown by the conduct of the parties, we think it was only intended by that agreement that the appellant should have its lien without a contest, in the event that it was held that the other creditors obtained such lien, and that this should be decided by a final determination of the question upon its merits, and not by the first decree of the chancery court, if an appeal was taken therefrom by either party, or by a decision of this court which did not involve the question at issue.

Had this not been the intention of the parties to the agreement, petitioner would certainly have applied for his decree upon the rendition of the decree by the chancellor as to the other liens mentioned in the agreement. An appeal was certainly contemplated by both parties, which is shown by their actions, if not by the words of the agreement; and we think, also, that it was a decision upon the merits that was intended, and not one upon a pure technicality, not involving or deciding the question at issue. We are for this reason constrained to agree with the chancellor in his conclusions, and affirm the decree denying the petition.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.