Frank V. Brocato and his brother, Joseph C. Brocato, as partners, operated a restaurant business under the name of "GG's in the Park." Joseph died February 6, 1972, leaving surviving his widow, Lelia G. Brocato, and Joseph C. Brocato, Jr., his only child. The partnership agreement between Frank and Joseph Brocato provided that the partnership would be dissolved upon the death of either partner, but would not terminate upon the death of either as long as a Small Business Administration loan was outstanding against the partnership.
After Joseph died, Frank initiated this proceeding against Lelia Brocato, as administratrix of Frank's estate, and Joseph, Jr., his only child, asking the court to enter a declaratory judgment that: the partnership was dissolved upon the death of Joseph; that, except for the existence of the SBA loan, the partnership was due to be terminated upon Joseph's death, and that Frank Brocato, as the sole surviving partner, was to make settlement of all of the affairs of the partnership and to divide the remaining funds between himself and the personal representative of Joseph's estate; that, upon payment of the SBA loan and any other liabilities existing against the partnership or upon the assumption thereof by Frank Brocato and the release or indemnification of Joseph's estate of all present and future partnership liabilities, Frank be allowed to terminate the partnership and pay the administratrix Joseph's partnership share as of the date of his death; that Lelia and Joseph, Jr. be declared not entitled to share in the profits of the business after February 6, 1972, the date of Joseph's death; and that Frank, after paying over to the administratrix Joseph's share of the partnership funds as of February 6, 1972, and assuming the liabilities of the partnership, be allowed to continue *Page 723 
to operate the business without further liability to Lelia and Joseph, Jr. The complaint also asked for an accounting.
Lelia filed an answer asserting that the partnership agreement provided that the death of a partner did not terminate the partnership during the term of the SBA loan, and that the partnership could not be terminated until May 27, 1978, the date the loan would be paid; that Frank had recognized Lelia as a general partner but had failed and refused to account for the profits of the partnership since Joseph's death; and that she and Joseph, Jr. had been substituted as general partners. She and Joseph, Jr. also asked for an accounting and asked the court to order Frank to pay them one-half of the partnership profits.
The cause came to trial and testimony was put on for half of one day. During a recess in the proceedings, the attorneys for all parties, and the parties themselves, reached an agreed settlement of the case and signed a written settlement agreement. In the interim, between signing the settlement agreement and the entry of the court's judgment pursuant to the agreement, Mrs. Brocato discharged her attorneys and retained present counsel. She and Joseph, Jr. appeal from the trial court's judgment, which, admittedly, was entered pursuant to the agreement by all parties. The single issue is whether Mrs. Brocato is bound by the agreement. The trial judge, in entering the judgment, noted:
 "I think that the parties knowingly and under good representation entered into a solemn agreement. I cannot accuse the lady of being whimsical or capricious, but I do feel that this case has gone as far as it ought to go. I think the decree ought to be entered. If the lady is dissatisfied with the ruling of the Court based upon the agreement that she signed, she acceded to, and that I am sure she understood, that she has come to a conclusion that her best interest has not been met, then there is a place where she can seek regrets, and she can do so in the Supreme Court of the State of Alabama. . . . but . . . I am going to sign the decree in the form that was agreed upon." The agreement is as follows:
 "Birmingham, Ala. December 9, 1974
185-794
"Corretti, Newsom Rogers
 "We hereby authorize you to settle the G.G. in the Park case on the following basis:
 "(1) $7,500.00 to be paid 2,500.00 immediately, 2500.00 in 3 months, and balance of 2,500.00 in 6 months.
"(2) 150.00 week to Lelia G. Brocato for 5 yrs
 "(3) Increase in Joey's salary to 125.00 per week, employment contract, increased responsibilities 
salary to be comensurate [sic] with employment of like nature in comparable restaurant.
"(4) Train Joey in all phases of business.
 /s/ Mrs. Lelia G. Brocato /s/ Joseph C. Brocato, Jr.
"Approved:
 /s/ Frank Brocato /s/ Walter R. Byars /s/ Donald L. Newsom"
We hold that the agreement and the judgment entered pursuant to it are binding on the appellants. This court has repeatedly held that agreements made in settlement of litigation are as binding on the parties thereto as any other contract. Ex parteHayes, 92 Ala. 120, 9 So. 156 (1890). Title 46, § 46, Code, vests in an attorney — if indeed statutory authority is required — the rule probably exists independent of the statute, Wadsworth v. First National Bank of Montgomery,124 Ala. 440, 27 So. 460 (1899), to bind his client in all matters which relate to the cause, including the right *Page 724 
to settle by agreement all questions involved therein. In the instant case, there is no question that Mrs. Brocato and Joseph Jr. made the agreement set out above. The same was signed by them, by Mr. Frank Brocato, and by attorneys representing both sides of the controversy. The trial court found that Mrs. Brocato and Joseph, Jr. understood and approved the agreement. They cannot now complain. In B.F. Roden Grocery Co. v. McAfee,160 Ala. 564, 49 So. 402 (1909), this court said, in a case involving an agreement made by the attorneys, not signed by the litigants, as is the case here:
 ". . . Such agreements . . . are not only authorized, but encouraged, to promote justice and fair dealing, and to terminate properly, or prevent, litigation. . . ." (160 Ala. at 568, 49 So. at 404)
More recently, in Sayre v. Dickerson, 278 Ala. 477,179 So.2d 57 (1965), this court upheld a decree based upon a settlement agreement which the appellant denied making. There, the appellant set out four reasons for attempting to void the agreement, among them that he did not consent to it. This court reviewed the evidence adduced at the hearing to set aside the decree giving effect to the alleged agreement and said:
 "The authorities cited support the principle that a party cannot be heard to complain of action of the court which was done with the party's consent." (278 Ala. at 484, 179 So.2d at 63)
The court also noted:
 "`. . . The consent [to the settlement agreement] can not be withdrawn, and the judgments reversed at the instance of either party.' . . .
 "We hold that, because appellant consented to the settlement, her contention, that the decree should be reversed on the ground that she did not consent, is not well taken." (278 Ala. at 487, 488, 179 So.2d at 67)
In the instant case, the appellants do not deny that they consented to the agreement nor that they knowingly signed the same. They simply assert that the agreement was repudiated "before any of the provisions were carried out." This, however, is not the criteria for avoiding such agreements set out in our cases. ". . . Such agreements are as binding on the parties as any other contract into which they may enter, and will not be set aside except for fraud, collusion, accident, surprise or some ground of this nature." Ex parte Hayes, supra; Wadsworthv. First National Bank of Montgomery, supra, 124 Ala. at 442,27 So. at 461.
No contention has been made that the agreement made the basis of the court's judgment was the product of fraud, collusion, accident or any other ground of like nature. The judgment is, therefore, affirmed.
AFFIRMED.
HEFLIN, C.J., and MERRILL, MADDOX and JONES, JJ., concur.