PER CURIAM.
These consolidated appeals arise out of a set of unfortunate circumstances evincing a misunderstanding between respective counsel for the two sides of the litigation regarding a settlement agreement. Because of our order of remand in one case and dismissal of the appeal in the other cases, a detailed statement of the facts would serve no useful purpose. A brief overview of the course of the litigation will suffice.
Two lawsuits were filed — one on behalf of the injured minor, and one by the injured mother and her husband claiming derivative damages — growing out of an incident in which the minor Plaintiff was injured in an explosion of an underground liquified petroleum container, and in which the mother was injured while rescuing her child.
After extensive discovery in both cases and amendments adding several parties defendant, the trial court granted summary judgment in the mother’s case in favor of the added defendants, holding that the amendments did not relate back pursuant to A.R.Civ.P. 9 and 15, and, thus, that this action against these defendants was barred as untimely filed. Shortly thereafter, during the early stages of the minor Plaintiff’s trial, counsel for the respective parties arrived at a settlement agreement. Following an open court, transcribed hearing, the trial court entered an order approving the settlement for the sum of $283,000. (See Abernathy v. Colbert County Hospital Board, 388 So.2d 1207 (Ala.1980), for the requirements for a valid pro-ami consent judgment.)
Fifteen days thereafter, and within thirty days from the trial court’s granting of summary judgment to certain Defendants in the mother’s case, she filed a post-judgment motion for reconsideration. Twenty-one days after the order approving settlement in the minor’s case, the Defendants therein filed a “motion to set aside final judgment and motion to enforce the settlement agreement.” After an extensive hearing in which the Defendants contended that the settlement included an agreement by Plaintiff's counsel not to pursue an appeal in the mother’s case and a denial by the Plaintiff’s counsel that the settlement of the minor’s case was so conditioned, the trial court entered the following order:
“The Court finds that as a matter of fact the settlement order heretofore entered by the Court was in error and was entered by mistake and did not reflect any agreement of the parties; that the said order is due to be set aside and that in fact there is no settlement of case number CV 81-1189-C or case number CV 82-1190-R which is presently on appeal. The Court has considered the testimony of all the parties and finds that it is only just and right that the said order be set aside and this cause be restored to the active trial docket inasmuch as there was no settlement between the parties ....
*544 “It is, therefore, ORDERED, ADJUDGED, and DECREED that the plaintiffs motions to hold the defendants in contempt and related relief are hereby denied; that the defendants’ motions to set aside the order confirming settlement are, to the extent set forth in this order, granted, and otherwise denied; and any agreements pertaining to settlements are hereby held for naught and the cause is to be restored to the trial docket following a decision by the Alabama Supreme Court pertaining to the appeal of Minnie Crane, and not before.”
In the meantime, the trial judge had overruled the mother’s post-judgment motion for reconsideration of the granting of summary judgment. This is one of the two appeals now before us. The second appeal is in the minor Plaintiff’s case, seeking to reverse the trial court’s order, thus reinstating the judgment approving the settlement of the minor’s claim.[1]
We have been troubled over this case considerably, not because of the complexity of any of the issues sought to be raised, but because of the totality of the circumstances that brings this case before us in the first instance, and because of the bitterness and harshness of language expressed against each other by opposing counsel. Misunderstandings between opposing counsel can and do occur; but lawyers, as disciplined professionals, ought not to resort to attacks on each other, even in the name of advocacy.
We do not hesitate to observe that there is no real justification for these cases being before this Court. What started out as a rather routine settlement of a personal injury suit on behalf of a minor plaintiff has ended up in over 3000 pages of records and over 200 pages of briefs, most of which is irrelevant to the dispositive issue. After countless hours of reviewing the proceedings in these cases, we are convinced beyond all purview of doubt that the respective parties to these litigated cases intended to settle all of the claims for $283,000. The responsibility for the mishandling of the disposition of these claims, resulting in misunderstanding and confusion, falls equally on the shoulders of respective counsel for each side.[2]
The Plaintiffs’ lawyer spoke in unequivocal terms in urging the court to approve the offered settlement in the minor’s case, saying that such settlement would eliminate any risk of an unfavorable outcome on appeal of the mother’s case and that the settlement in the minor’s case would at least insure payment of medical expenses incurred on behalf of the injured minor Plaintiff. And yet none of this was reduced to writing; no order of dismissal with prejudice was entered in the mother’s case, and no written waiver of appeal in her case was entered into.[3]
We are convinced that the matter was settled, and that, having been once settled, it should now remain settled. The trial judge’s order approving the settlement as being in the best interest of the minor Plaintiff is not here disputed by anyone. There is no allegation of fraud in the inducement of the settlement as it relates to *545 the settlement of the minor’s claim; and the only mistake that is claimed relates to a collateral matter. That is to say, the claimed “mistake” bears solely on the effect of the settlement on the pendency of the mother’s claim.
The appropriate remedy to rectify the situation is not to set aside the properly entered order approving the settlement for the minor, but to enforce the agreement on behalf of the Plaintiffs’ counsel not to proceed with the mother’s case. Emerson v. Southern Ry. Co., 404 So.2d 576 (Ala.1981), Brocato v. Brocato, 332 So.2d 722 (Ala.1976), Wright v. Fountain, 454 So.2d 520 (Ala.1984). On this point we hold that Plaintiffs Minnie L. Crane and Jerry M. Crane are estopped to proceed with their litigation against these Defendants growing out of the incident in question.
We freely acknowledge that our holdings herein do not comport with the precise claims for relief by either of the respective parties.[4] For this we offer no apology. We are simply putting back on track that which was derailed through the joint errors in judgment and loose management on both sides of counsel table.
Despite the ineptness of counsel in properly concluding all aspects of the litigation, the record is crystal clear as to what these parties sought to do. Because of the total lack of uncertainty in this respect, and because of the duty of this Court to protect the interest of the minor with respect to the settlement agreement properly approved by the trial court, we now accomplish that purpose as follows:
As to case number 84-161, the appeal is dismissed on the grounds that the Appellants are estopped to prosecute the appeal for the reasons set out above. The cross-appeal, case number 84-162, is dismissed for mootness. As to case number 84-457, the judgment setting aside the order approving the settlement on behalf of the minor Plaintiff in the sum of $283,000 is reversed and the judgment therein is reinstated, with interest at the rate of 12% per annum from September 21, 1984, to the date of payment. The cross appeal, case number 84-524, is dismissed for mootness.
DISMISSED AS TO CASE NUMBERS 84-161, 84-162 and 84-524; REVERSED AND REMANDED WITH INSTRUCTIONS AS TO CASE NUMBER 84-457.
MADDOX, FAULKNER, JONES, EM-BRY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON, SHORES and BEATTY, JJ., dissent.

. We note also that the Defendants cross-appeal in the minor's case, claiming that the trial court erred in denying their motion for change of venue. Because of our holdings in the respective appeals, the venue issue is mooted.

. Our reference to counsel’s "mishandling" is intended as an expression of our impatience with the ineptness in attending to the details of the settlement, and is not to be construed as a charge of professional misconduct.

. The appropriate course of action, of course, would have been to apportion the full amount of the settlement among the respective Plaintiffs. This could have been done either by way of a direct payment to the adult Plaintiffs upon their execution of releases and dismissal of their pending claims or by entry of a judgment on their behalf. It was entirely inappropriate to enter a judgment for the full settlement in the minor's case and then by language of the judgment to carve out an apportionment of the father’s derivative claim. Notwithstanding our dismissal of the appeal on behalf of the adult Plaintiffs, the trial court, in its discretion, is authorized to retain jurisdiction of the cause for the limited purpose of entering a judgment in each of these cases (for a total of $283,000 plus costs) so as to express the original settlement agreement of the parties.

. It is interesting to note, however, that the Defendants' petition to set aside the settlement order, coupled with the further request that the trial judge enforce the totality of the settlement agreement, would have the effect, even under the Defendants’ contentions, of leaving the settlement on behalf of the minor intact.