THIGPEN, Judge.
This is a workmen’s compensation case.
Beatrice Brown filed a complaint against Jefferson County, Alabama (County), in January 1991, seeking workmen’s compensation benefits, alleging permanent and total disability. The County answered, denying that Brown was permanently and totally disabled. Discovery ensued and, follow *1376 ing negotiation, counsel for Brown and counsel for the County agreed to a settlement based on a 30% permanent partial disability, which is evidenced by a copy of a letter dated July 18, 1991, to the County’s counsel from Brown’s counsel, agreeing to the County’s offer. On or about July 22, 1991, prior to the entering of a formal judgment, Brown was murdered. A status conference held September 4, 1991, resulted in the trial court’s noting that the matter had been settled, subject to deciding the matter regarding dependent children. Thereafter, a suggestion of death was filed but the action continued in Brown’s name. The County filed a motion for summary judgment, contending that because Brown was the victim of a homicide and did not die from any injury or disease sustained in connection with her job injury, all claims under workmen’s compensation laws were extinguished. Brown points out that the July 18 letter evidences an agreement between the parties, and argues that that fact brings this case within the purview of Ala. Code 1975, § 25-5-57(a)(5). The County argues that this case is controlled by Ala. Code 1975, § 25-5-83, and that, inasmuch as the trial court did not approve any settlement petition, the claim is barred. The trial court’s order notes that the parties stated in open court that “no issue is raised as to the proper parties plaintiff” and that Brown had a dependent minor child.
Ala.Code 1975, § 25-5-57(a)(5), entitled “Death Following Disability,” read in pertinent part as follows before the legislature’s 1992 amendment by Act 92-537:
“If a workman who has sustained a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman, whether or not the decedent employee was receiving compensation for permanent total disability, not exceeding, however, the amount that would have been due the surviving spouse and/or dependent children if death had resulted proximately from the injury.”
The parties to this cause entered into a joint stipulation of facts, in which it was agreed that immediately prior to July 19, 1991, Brown’s counsel and the County’s counsel had agreed to a lump sum settlement based on a 30% permanent partial disability and that the agreement was evidenced by a letter dated July 18, 1991, to the County’s counsel from Brown’s counsel, agreeing to the County’s offer. Relying in part on the joint stipulation of facts, the trial court entered a final order finding that there had been a settlement agreement between the parties, with an ascertainment that Brown was 30% permanently partially disabled, and setting the lump sum amount of compensation to be paid by the County to Brown at $12,005 as agreed by the parties; that the County’s attorney acknowledged receipt of the letter from Brown’s attorney, accepting the offer; and that neither party contended that the agreement was anything other than equal to or exceeding benefits due Brown under the workmen’s compensation laws. Following argument of counsel and filing of briefs, the trial court found that Brown was entitled to recover against the County, and entered judgment accordingly. The County appeals.
Our Supreme Court has made it clear that “agreements made in settlement of litigation are as binding on the parties thereto as any other contract.” Brocato v. Brocato, 332 So.2d 722, 723 (Ala.1976). Moreover, Ala.Code 1975, § 34-3-21, vests in an attorney the authority to bind his or her client in any action or proceeding by any agreement in relation to such case. Such agreements are not only authorized, but encouraged, to promote justice and fair dealing and to properly terminate or prevent litigation. Brocato, supra. Moreover, the workmen’s compensation statute, particularly Ala.Code 1975, § 25-5-150, provided that “interested parties shall have the right to settle all matters of compensation and all questions arising under this article between themselves in accordance *1377 with and subject to the provisions of article 3 of this chapter.”
In a factually different case, but on a similar point, our Supreme Court, in King v. Travelers Insurance Co., 513 So.2d 1023 (Ala.1987), held that the mere fact that an agreement was not submitted to the court for its ruling did not prevent it from binding the parties, since Ala.Code 1975, § 25-5-57, contemplated an agreement by the parties. Ala.Code 1975, § 25-5-83, simply provides the method for commuting “compensation payable periodically” to “one or more lump sum payments,” and requires the agreement of the parties and approval of the court for such commutation. The instant case does not involve or require such a commutation and, therefore, Ala. Code 1975, § 25-5-83, is not applicable.
In view of the unambiguous agreement entered into by the parties prior to Brown’s death, the better view is that Ala.Code 1975, § 25-5-57(a)(5), controls. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.