[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10967
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-00423-MHT-SRW


ROSSLON JOWERS,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,

Defendant,

WILLIAM W. WYNNE, JR.,
ALABAMA BOARD OF PARDONS AND PAROLES,
CLIFF WALKER,
ROBERT P. LONGSHORE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 6, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Rosslon Jowers, proceeding *pro se*, appeals the dismissal of her employment discrimination claims against the Alabama Board of Pardons and Paroles, and three of its employees (collectively, the Parole Board). Following an evidentiary hearing, the district court entered an order enforcing the terms of a written settlement agreement reached before a federal magistrate judge. Because the settlement agreement included a requirement that Jowers' lawsuit be dismissed, the district court dismissed her employment discrimination claims. On appeal, Jowers argues the district court erred in enforcing the settlement agreement and dismissing her claims because she did not consent to the agreement, but was coerced by her attorney to sign it against her will.[1]

We review the district court's decision to enforce a settlement agreement for an abuse of discretion. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000). A district court's findings of fact are reviewed for clear error. *Wexler v. Anderson*, 452 F.3d 1226, 1230 (11th Cir. 2006). We may

---

[1] Jowers also raises legal malpractice and due process claims for the first time on appeal. Because she failed to raise these claims before the district court, and none of the exceptions to the rule barring appellate review of newly raised issues apply, we decline to consider these claims. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Moreover, we need not consider whether her attorney had actual or apparent authority to settle for her because Jowers was present for the mediation and personally executed the settlement agreement.

affirm on any basis that finds support in the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

The enforcement of a settlement agreement is governed by contract law of the forum state. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999). A validly executed, written settlement agreement is binding on the parties and will not be set aside, absent proof of "fraud, collusion, accident, surprise or some ground of [similar] nature." *Brocato v. Brocato*, 332 So. 2d 722, 724 (Ala. 1976) (quotation omitted).

Jowers was present for the mediation, and personally signed the settlement agreement, which was in writing. These facts are sufficient to bind the parties absent coercion or other similar grounds. *Brocato*, 332 So.2d at 724. Although Jowers claims she was coerced into signing the agreement, the record supports the district court's finding that she voluntarily, albeit "begrudgingly," executed the agreement. Her attorney testified he informed her that she did not have to sign anything. He also testified, as did a representative from the Parole Board who attended the mediation conference, that the magistrate judge informed Jowers that mediation was voluntary. Further, Jowers testified she settled, in part, because she was worried she would be liable for discovery costs, which undermines her assertion that she consented because of coercion. In light of the court's valid finding that Jowers voluntarily consented to the agreement, the fact that she was

3

unhappy about doing so is insufficient to set the agreement aside.  The district court did not abuse its discretion in enforcing the settlement agreement and dismissing Jowers' employment discrimination claims.

**AFFIRMED.**